20261. BARRETT *et al. v.* SLAGLE, Commissioner, *et al.*

Argued November 10, 1958—Decided January 12, 1959—Rehearing denied February 6, 1959.

*John D. Edge, Maddox & Maddox,* for plaintiffs in error.
*Harry T. Lawrence,* contra.

WYATT, Presiding Justice. 1. It is contended that the arrangement whereby the defendant Hatchett was paid a salary of $300 per month plus an expense account of $100 per month to seek out property which is not returned for taxes or which is returned for less than its fair value is illegal and void as against public policy, and that the assessments made as a result of the information gathered by defendant Hatchett are likewise illegal and void. There is no merit in this contention. In so far as the allegations of the petition are concerned, it appears only that the defendant Hatchett is a member of the Board of Tax Assessors, and that he is devoting his full time to the job for which he is being paid a salary and given an expense allowance which is greater than that being paid and allowed to the other members of the board who are devoting only part time to the job. There is no rule of public policy which has been called to our attention, and we have discovered none, which requires all members of a Board of Tax Assessors to receive the same com-

pensation regardless of the amount of time and work they devote to the job. In the instant case, Hatchett is not an employee of the board whose work it is the duty of the board to supervise. He is simply a member of the Board of Tax Assessors and is doing what a member of the board is required by law to do; that is, to seek out property which is not properly returned for taxes. Since he does devote more time to the job than the other members of the board do, it is only fair and just that he receive more compensation.

The cases cited and relied upon by the plaintiffs in error with reference to self-dealing on the part of a public official, and with the duty of an officer whose duty it is to supervise the work of others, are not applicable to the facts in the instant case because these circumstances do not appear in the allegations of the petition.

2. It is next contended that the defendants Davis and Spink are acting illegally as purported tax assessors, because no order appointing them to such office has been entered on the minutes of the Clerk of the Superior Court of Gordon County, and because it does not appear on the record that they have ever taken the oath of office. There is no merit in this contention. The petition in the instant case does not allege that the defendants were not appointed by the authority having power to appoint members of the Board of Tax Assessors of Gordon County. It simply alleges that the appointment was not entered on the minutes of the Clerk of the Superior Court of Gordon County, and that it does not appear on the record that they had taken the oath of office in accordance with Code (Ann.) § 92-6903. These deficiencies in the qualifying of these defendants for the office to which they were appointed, even if they result in their being legally not qualified to hold the offices, are not such as to make their actions illegal and void, since they are at least de facto officers in the positions they occupy. "County officers performing the duty of their offices are at least de facto officers, and their official actions are prima facie valid and can not be attacked collaterally." *Clements* v. *Powell*, 155 *Ga.* 278 (6) (116 S. E. 624). See also Code § 89-310.

Code § 89-101, which designates persons deemed to be ineli-

654

gible to hold any public office, cited and relied upon by the plaintiff in error, is not applicable to the facts in the instant case because it does not appear that the defendants are members of any class of persons therein listed as ineligible to hold public office.

3. In so far as the contention that the assessments complained of were made without any investigation or inquiry, except by defendant Hatchett, and for this reason were arbitrarily made, it is sufficient to say again what was said in *Hutchins* v. *Williams*, 212 *Ga.* 754 (4) (95 S. E. 2d 674), as follows: "The duties placed on the Board of Tax Assessors to require all property in a county to be returned for taxes at a just and fair valuation, and that the valuation as between individual taxpayers be justly and fairly equalized, does not require the members thereof to use any definite system or method, but demands only that the valuations be just and fair, and the failure to use any particular system, method, cadastral survey, book, or other instruments to derive values used in the past would not in any way render void the valuations placed on said property by the assessors."

4. Since, as has been held above, the assessments complained of were not illegal and void, the petition, of course, sets out no cause of action against defendants Slagle and Robertson to enjoin the levy and collection of the taxes based upon the assessments.

5. For reasons stated in the preceding opinion, the judgment of the court below sustaining the general demurrer to the petition was not error.

*Judgment affirmed. All the Justices concur.*