22421, 22447.   DERRICK et al. v. CAMPBELL, Commissioner, et al.; and vice versa.

Submitted March 9, 1964—Decided April 9, 1964.

*Shaw, Stolz & Fletcher, Norman S. Fletcher,* for plaintiffs in error.

*Robert E. Coker, Gleason & Brown,* contra.

HEAD, Presiding Justice. The ruling made in headnote 2 is not in conflict with the decisions of this court in cases where the petition showed that taxes were not due. In *Green v. Calhoun,* 204 Ga. 550 (50 SE2d 209), the petition was filed on May 31, 1948, and on the same date the defendants were enjoined from completing their assessments, and returning their findings to the tax receiver and the State Revenue Commissioner. No taxes could have been due at the time the petition was filed.

In *Hutchins v. Howard,* 211 Ga. 830 (89 SE2d 183), the petition was filed on March 31, 1955, long before assessments were completed and taxes for the year 1955 were due.

In *Hutchins v. Williams,* 212 Ga. 754, supra, the petition was filed on July 21, 1956, and it was prayed that the defendants be enjoined from completing their findings of value assessments, and from filing them with the taxing authorities of the county and the State Revenue Commissioner. Clearly no taxes could have been due under the allegations of the petition.

In *Barrett v. Slagle,* 214 Ga. 650 (106 SE2d 908), the petition was filed on August 1, 1958. It was alleged that the board of tax assessors had completed their work, and that unless enjoined, the county commissioner would make a tax levy upon the property of the petitioners in the amount fixed by the tax assessors (the levy referred to being the fixing of a rate of taxation for county purposes for the year 1958). No taxes could have been due at the time of the filing of the petition.

In *Kight v. Gilliard,* 214 Ga. 445 (105 SE2d 333), the petition

was filed on May 23, 1958, and at the time of the filing of the petition no taxes could have been due under the applicable rules of law. *Kight v. Gilliard*, 215 Ga. 152 (109 SE2d 599), is a reappearance of the same case.

In *Colvard v. Ridley*, 218 Ga. 490 (128 SE2d 732), the petition was filed on September 20, 1962. It was alleged that unless enjoined, the tax assessors would complete the tax digest of the county for 1962 and send it to the State Department of Revenue. It was prayed that they be enjoined from compiling assessments of taxable property and from filing them with the State Revenue Commissioner. Since under the law the tax collector is prohibited from collecting any taxes until the digest is filed with the State Revenue Commissioner (*Code* § 92-5601), no taxes were due in *Colvard v. Ridley*, supra.

In *Brooks v. Carter*, 216 Ga. 836 (120 SE2d 332), the petition was not filed until December 20, 1960, but prior to the filing of the petition the petitioners tendered to the tax collector the amount of taxes due on the returns made by them.

The decision in *City of Macon v. Ries*, 179 Ga. 320 (176 SE 21), has two dissents, but if it were a full bench decision, it would have to yield to the older decision of *Peoples Credit Clothing Co. v. City of Atlanta*, 173 Ga. 653, supra.

The decision in *Pullman Co. v. Suttles*, 187 Ga. 217 (199 SE 821), is not in conflict with the rulings here made, for in the *Pullman* case the petitioners had not made any return, and did not admittedly owe any tax, but sought to enjoin a wholly illegal tax. See *Trust Investment &c. Co. v. City of Marietta*, 216 Ga. 788, supra.

*Judgment affirmed on the main bill of exceptions; reversed on the cross bill of exceptions. All the Justices concur.*