### 25346.   ALLEN et al. v. THOMAS, Commissioner, et al.

ARGUED SEPTEMBER 8, 1969—DECIDED SEPTEMBER 29, 1969—
REHEARING DENIED OCTOBER 8 AND NOVEMBER 6, 1969.

*T. M. Allen, Jr., William H. Barber,* for appellants.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, James B. Talley, Assistant Attorneys General, John G. Davis, Bynum & Bynum, Knox Bynum,* for appellees.

UNDERCOFLER, Justice. T. M. Allen, Jr. and Wallace Nichols filed an equitable suit in the Superior Court of Rabun County against the tax commissioner and tax assessors of Rabun County. The State Revenue Commissioner was made a party to the suit by amendment. The claim asserts that they own property in Rabun County which was not uniformly assessed for taxation in 1968 but was assessed in an arbitrary, discriminatory and unconstitutional manner and that they have no adequate remedy at law. The petitioners sought a temporary and permanent injunction against the collection of 1968 ad valorem taxes on their property and demanded that the taxes due by them be based on their 1967 tax assessments.

A motion to dismiss the petition was made by all of the defendants. After a hearing, the trial judge dismissed the petition. The appeal is from that judgment.

The rule is well established in Georgia that "He who would have equity must do equity," (*Code* § 37-104), and that "One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such execution, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought." *Peoples Credit Clothing Co. v. City of Atlanta,* 173 Ga. 653 (1) (160 SE 873); *Hutchins v. Nash,* 223 Ga. 874 (158 SE2d 924); *Adcock v. Sutton,* 224 Ga. 505 (162 SE2d 732); *Kiker v. Hefner,* 224 Ga. 511 (162 SE2d 731).

The only evidence of tender showed that one plaintiff tendered a check to the tax commissioner at his home at 7:15 p.m. on the day the suit was filed. The tax commissioner refused to accept the check on the ground that it was not made at a proper time or place.

The defendants contend that this was not a valid tender.

Ga. L. 1962, p. 532 (*Code Ann.* § 92-4901(5)) provides that it shall be the duty of the tax collectors to "Post and maintain a notice showing the days on which his office is open for the

purpose of collecting taxes and the office hours." There is a legal presumption, until the contrary appears, that a public officer has regularly and properly performed his official duty. *Fine v. Dade County*, 198 Ga. 655, 663 (32 SE2d 246); *Southern Airways Co. v. Williams*, 213 Ga. 38 (3) (96 SE2d 889). The tax commissioner is presumed to have posted the notice required by Ga. L. 1962, p. 532, until the contrary appears. He is not required to accept taxes at any other time and the tender in this case was properly refused.

The evidence in this case fails to show any tender of the taxes admittedly due and equity will not entertain the action. The trial judge properly dismissed the petition.

*Judgment affirmed. All the Justices concur except Mobley, P. J., and Felton, J., who dissent. Frankum, J., concurs in the judgment only.*