25571. REGISTER et al. v. LANGDALE, Commissioner, et al.

ARGUED DECEMBER 9, 1969—DECIDED JANUARY 26, 1970—
REHEARING DENIED FEBRUARY 5, 1970.

Coleman, Blackburn, Kitchens & Bright, J. Converse Bright, for appellants.

H. Arthur McLane, for appellees.

MOBLEY, Presiding Justice.   G. Troy Register and others, taxpayers of Lowndes County, brought an action against the

commissioners of roads and revenues, the members of the board of tax assessors, and the tax commissioner of the county, contending that the tax assessments for the year 1969 are illegal, null, void, and unconstitutional; and seeking a declaration that the described policy and procedures employed by the board of tax assessors are illegal and unconstitutional, and that the assessments for ad valorem taxation for the year 1969 on all property situated in Lowndes County are null and void. It was prayed that the members of the board of commissioners of roads and revenues be enjoined from levying any tax under the unlawful assessments; that the tax commissioner be enjoined from preparing any tax digest on the illegal assessments; and that the board of tax assessors and the commissioners of roads and revenues be enjoined from further prosecution of the appeals from the award of arbitrators pending in the superior court.

After a hearing, the trial judge made findings of fact and law, denied the prayers for interlocutory injunction, and dismissed the complaint. The appeal is from this order.

■ The trial judge found that the millage rate had not been set at the time of the filing of the action, or at the time of the hearing; that the plaintiffs are taxpayers owning property in Lowndes County; that no tender of taxes had been made by any of the plaintiffs; and that tender would not have been accepted by the tax commissioner, if it had been made. The judge cited decisions of this court, and held that the plaintiffs were not entitled to equitable relief because of the failure to make a tender of the 1969 taxes upon their property.

The ruling by the trial judge in regard to tender is authorized by several recent decisions of this court. However, we have made a thorough re-examination of these cases and have come to the decision that they have misapplied the equitable principle which was announced in earlier cases, that one seeking relief from excessive tax levies must pay, or offer to pay, any taxes admitted to be due, in order to obtain equitable relief, under the equitable maxim that "he who would have equity must do equity." See *Peoples Credit Clothing Co. v. City of Atlanta,* 173 Ga. 653 (160 SE 873).

The principle stated in *Peoples Credit Clothing Co. v. City*

*of Atlanta* is a valid equitable principle. In a number of recent cases, however, this principle has been erroneously applied to actions seeking to declare tax assessments to be null and void, which were brought at a time when no taxes were due.

In *Derrick v. Campbell,* 219 Ga. 795, 798 (136 SE2d 381), this court held that an equitable petition to enjoin the collection of taxes did not state a cause of action because it failed to allege tender of taxes due, and an analysis was made of several cases decided prior thereto. The *Derrick* case pointed out that in those cases holding that a cause of action was shown where no tender of taxes was made, the action had been brought at a time when no taxes were due and payable, and the tax collector (or commissioner) was prohibited by law (*Code* § 92-5601) from collecting any taxes. In *Martin v. Moon,* 221 Ga. 154 (143 SE2d 644), it was pointed out that the tax digest had been approved by the State Revenue Commissioner and many taxpayers had paid their taxes at the time the action was brought, and it was held that the failure to pay or tender the taxes owed by the petitioners was an insuperable barrier to the relief sought.

Beginning with *Walker v. Burns,* 220 Ga. 467 (139 SE2d 389), this court extended the ruling in regard to tender in tax cases by holding that the tax liability of the litigant accrued on January 1 of the year in which the tax assessment was alleged to be void, and that a tender must be made even though the tax rate had not been fixed. This decision has been followed in subsequent decisions of this court, including *Hobbs v. Nichols,* 223 Ga. 639 (157 SE2d 294); *Hutchins v. Nash,* 223 Ga. 874 (158 SE2d 924); *Maddox v. Hill,* 225 Ga. 147 (166 SE2d 354), and possibly others.

*Code* § 92-5601 provides: "If any tax collector shall collect or attempt to collect any taxes before the receiver has completed and transmitted his digest to the State Revenue Commissioner, unless specially so ordered by such officer or allowed by special enactment, he shall forfeit to the State double the amount so collected or attempted to be collected, such forfeiture to be collected by execution issued by the State Revenue Commissioner." The tax commissioner at the hearing testified that he had not

sent the 1969 tax digest to the State Revenue Commissioner, that no 1969 taxes were then due, and that he would not have accepted 1969 taxes, if tendered, because he was prevented by law from doing so.

"Equity will not require a useless formality." *Miller v. Watson*, 139 Ga. 29, 32 (76 SE 585); *McLoon v. McLoon*, 220 Ga. 18, 20 (136 SE2d 740). At the time the complaint was filed, and at the time of the interlocutory hearing, no 1969 taxes were due, and the tax commissioner could not have accepted any payment on 1969 taxes. It would thus have been a vain and useless formality for the taxpayers to tender any amount on their 1969 taxes. It was error to deny the interlocutory injunction and dismiss the complaint on the ground of the failure to tender 1969 taxes.

The case of *Walker v. Burns*, 220 Ga. 467, supra, and the cases following it which held that tender of taxes must be made prior to the time they were due, are expressly overruled.

■ It is contended by the appellants that the court erred in finding that the employment of professional appraisers and the use of the appraisals made by them did not constitute an unauthorized delegation of authority by the board of tax assessors.

*Code* § 92-6910, as amended by Ga. L. 1953, pp. 189, 190, authorizes the county board of tax assessors, subject to the approval of the board of county commissioners, to contract for the employment of persons to assist the board in the mapping, platting, cataloging, indexing, and appraising of taxable properties in the county, and to make re-evaluations of taxable property, subject to the approval of the board of tax assessors. *Code Ann.* § 92-6911 (Ga. L. 1937, pp. 517, 519) makes it the duty of the board of tax assessors to see that all taxable property within the county is assessed and returned at its just and fair valuation and that valuations between the individual taxpayers are fairly and justly equalized. *Code* § 92-6913, as amended, provides that the tax assessors may proceed to assess taxes "according to the best information obtainable."

The evidence at the hearing authorized the finding that the board of tax assessors used the appraisal of the values of taxable property made by Carroll-Phelps Company, together with

other facts, and their own personal knowledge and opinion gained from experience and observation in arriving at the final valuations to be used for the assessment of real property in Lowndes County for the year 1969. This was not an improper delegation of their duties. Compare *Hutchins v. Candler*, 209 Ga. 415, 419 (73 SE2d 191); *Hutchins v. Howard*, 211 Ga. 830 (1) (89 SE2d 183); *Kight v. Gilliard*, 214 Ga. 445 (4) (105 SE2d 333).

■ It is contended that the court erred in finding that the board of tax assessors complied with the statutory requirement (*Code Ann.* § 92-6911) of giving notice within five days of any changes made in taxpayers' returns. The evidence authorized a finding that the tax assessors made tentative changes in the tax returns during the period that they studied the returns, but that no final decision on changes was made until a date within five days of which the notices of changes were mailed. This was a sufficient compliance with the statute.

■ It is enumerated as error that the court refused to enjoin the board of tax assessors "from applying different methods of valuation and assessment to real and personal property in Lowndes County, and from establishing valuations of property other than at fair market value and by the best means available and by their own discretion and judgment, and from continuing any of the presently existing unlawful assessments."

The chairman of the board of tax assessors testified that the tax assessors had formerly arrived at the valuation of household furniture at 10% of value of the real estate on which the household furniture was located, but that they had discontinued this practice in 1969. When asked how the amount was determined in 1969, he replied: "We would just imagine about how much would be a reasonable figure." It was stipulated between the parties that there were a minimum of 300 returns made in 1969 which do not show the 10% correlation between personal property and real property returns in the valuation. The chairman testified that the board made no attempt to locate and assess household furniture belonging to people who did not own real estate, because they did not consider it economically feasible.

The Constitution, Art. VII, Sec. I, Par. III (*Code Ann.*

§ 2-5403) provides: "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." "Realty and tangible personal property are of the same class, and the constitutional rule of uniformity in taxation requires that both be taxed alike." *Hutchins v. Howard,* 211 Ga. 830 (1), supra. The evidence at the hearing is without conflict that it was the policy of the board of tax assessors not to assess tangible personal property of residents of the county not owning real estate, and that the personal property of real estate owners was either assessed at 10% of the value of the real estate, or assessed at a valuation which the assessors would "imagine" would be a reasonable figure.

The evidence demands a finding that personal property valuations were not based on fair market value, and that the valuations as between owners of real property and owners of personal property only were not fairly and justly equalized. It was therefore error to deny the interlocutory injunction and dismiss the action. See *Brooks v. Carter,* 216 Ga. 836 (2) (120 SE2d 332); *Colvard v. Ridley,* 218 Ga. 490 (1) (128 SE2d 732); *Lott Investment Corp. v. City of Waycross,* 218 Ga. 805 (2) (130 SE2d 741); *Champion Papers, Inc. v. Williams,* 221 Ga. 345 (144 SE2d 514).

*Judgment reversed. All the Justices concur.*