25737. HARDING et al. v. CITY OF DECATUR et al.

ARGUED APRIL 14, 1970—DECIDED MAY 14, 1970—
REHEARING DENIED JUNE 9 AND JUNE 25, 1970.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith, Robert I. Paller, J. Arthur Mozley, William G. Grant,* for appellants.

*Herbert O. Edwards, Robert E. Mozley, George P. Dillard, Thomas O. Davis, Gary W. Hatch, William B. Spann, Jr.,* for appellees.

GRICE, Justice. Richard B. Harding and others filed a complaint in the Superior Court of DeKalb County against the City of Decatur, the DeKalb County Board of Tax Assessors, the Tax Commissioner of DeKalb County, and certain insurance companies. The plaintiffs alleged that they owned property in the City of Decatur and in DeKalb County and that the governmental defendants had assessed their property in an unconstitutional manner in stated particulars. They prayed that the governmental defendants be enjoined from seeking to collect ad valorem taxes on their property until a proper tax digest and assessment as contemplated by the State Constitution has been made and certified by the State Commissioner of Revenue; that the defendant insurance companies be enjoined and restrained from disbursing any funds for the payment of 1969 taxes on the plaintiffs' properties; that a temporary restraining order pending a hearing be granted so as to protect plaintiffs' rights; and that they have general relief.

The governmental defendants filed their defensive pleadings denying the material allegations of the complaint, and the defendant insurance companies in their pleadings sought protection of their secured interests.

Upon a hearing the trial court sustained the defendants' motion to dismiss the complaint, and the appeal is from that judgment.

It is well settled in this State that "He who would have equity must do equity . . . " (*Code* § 37-104), and that "One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay

the amount of the taxes admitted to be due, in order to obtain the relief sought." *Peoples Credit Clothing Co. v. City of Atlanta,* 173 Ga. 653 (1) (160 SE 873); *Pierce Trading Co. v. City of Blackshear,* 182 Ga. 649 (186 SE 721); *Mayor &c. of Savannah v. Fawcett,* 186 Ga. 132 (197 SE 253); *Clisby v. City of Macon,* 191 Ga. 749 (13 SE2d 772) (one Justice disqualified); *Derrick v. Campbell,* 219 Ga. 795 (136 SE2d 381); *Allen v. Thomas,* 225 Ga. 650 (171 SE2d 132).

The plaintiffs contend that no tender of taxes by them was necessary under the recent case of *Register v. Langdale,* 226 Ga. 82 (172 SE2d 620). However, in that case taxes were not yet due and the tax collector could not have accepted them had they been tendered. This is not true in the instant situation. The complaint, filed August 15, 1969, alleges that the plaintiffs have received tax bills and that the law requires payment to be made commencing August 15, 1969.

However, as to the DeKalb County property, one-half of the taxes became due on July 1, 1969. *Code* § 92-6402, as amended by two statutes with local application by population brackets to DeKalb County (Ga. L. 1964, p. 328; Ga. L. 1966, p. 105), provides that the first one-half of the taxes on property is due and payable July 1st of each year and becomes delinquent if not paid by August 15 and the other one-half is due October 1 and delinquent if not paid by November 15, and that executions shall issue after December 20.

As to the City of Decatur property, no owner of such property was even made a party plaintiff until an amendment of January 6, 1970, which was after 1969 City of Decatur taxes were delinquent as of December 20, 1969.

From an examination of the facts of the complaint and its prayers, it is apparent that the plaintiffs do not claim that they do not owe any taxes. See *Hardwick v. City of Dalton,* 140 Ga. 633, 635 (79 SE 553); *Elder v. Home Building &c. Assn.,* 185 Ga. 258 (2) (194 SE 745) (one Justice dissenting); *Smith v. City of East Ellijay,* 217 Ga. 364 (122 SE2d 112). Therefore, in order to do equity, such taxes as were acknowledged to be owed must have been paid or tendered in order to afford the plaintiffs an opportunity to have their case considered as to the unconstitutional tax attack sought to be made.

Thus, the trial court properly dismissed the complaint.

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

FELTON, Justice, dissenting. Denominating my dissent as strenuous, or emphatic or the use of even stronger language will add nothing to this dissent, but, if such denomination will call attention to the egregious error of the majority in this case it will have been worthwhile. In my opinion, the majority's conclusion has no reasonable, logical, factual or other sound basis.

The complaint in this case alleges in part: "4. Petitioners show that under the provisions of Article 7, Section 1, Paragraph 3 of the Constitution of the State of Georgia all tangible property is required to be uniformly assessed at its actual value. 5. Notwithstanding this provision of the Constitution of the State of Georgia, the government defendants have adopted a system of arbitrarily assessing for tax purposes and have established categories of tangible property at different arbitrary rates, none of which are uniform as contemplated by the Constitution. 6. By way of example, apartment houses are assessed on a market value of six times approximately 90% of the gross receipts; machinery and equipment utilized in mercantile establishments is assessed on a declining percentage basis of actual cost, commencing at 40% for the first year and declining thereafter. Inventories and goods held by mercantile establishments are assessed at 40% of their actual cost price. Dwelling houses are assessed at an arbitrary percentage of an arbitrary market value. Household furniture, fixtures and other household personal possessions are taxed at 10% of the assessed value of the dwelling. 7. None of the above formulae bear any reasonable relationship to the actual value of the property and as a result of their utilization, owners of tangible personal property are not uniformly assessed as to value with the result that the burden of taxation is not uniformly borne as contemplated by the Constitution of the State of Georgia. 8. Petitioners show that they have received tax bills from government defendants, said bills all being predicated upon the above-described arbitrary tax formulae. 9. Petitioners show that these tax

478

bills are required by law to be paid commencing August 15 of this year, 1969. 10. Petitioners show that the defendant lenders hold deeds to secure debts on the various properties as indicated in the tabulation in Paragraph 2 herein and that these deeds require petitioners either to keep payments of taxes current or to deposit in escrow with said defendant lenders the moneys for the payment of the taxes. 11. Petitioners show that under the laws of the State of Georgia ad valorem taxes may not be paid under protest, nor is there any provision for the refund of illegally collected ad valorem taxes. 12. Petitioners show that unless a court of equity intervenes, the defendant lenders will either pay the taxes out of escrow funds or call petitioners' loans. Petitioners show that the payment of the taxes out of the escrow funds will defeat the petitioners' rights to contest the legality of the system of assessment and that consequently petitioners have no adequate remedy at law."

There is no way under high heaven, even with the inventions in modern technology, for these taxpayers to rationally or otherwise determine, in good conscience, how much the taxes would be on complainants' properties if the properties of all the taxpayers involved in the particular governmental division of the State were *constitutionally* assessed. If the property values are stated or computed properly by the taxpayers, they still would not know the millage to be used because the assessed value of the total value of property to be taxed in the subdivision is not known. I cannot agree that equity requires the complainants here to do a thing that is impossible, i.e., to conjure up the proper value for taxation of all the properties involved and to apply a millage which would produce the amount of money needed by the particular subdivisions and then figure how much was constitutionally due on the properties of complainants. The answer cannot be that complainants know the market value of their properties. One known figure in tax equation equals an unknown amount a taxpayer should be required to tender as taxes admitted to be due. Tender in a case involving an excessive tax gives rise to entirely different rationale.

The foregoing position is sustained by the case of Norwood v. Baker, 172 U. S. 269 (19 SC 187, 43. LE 443), which states,

on page 293, as follows: "It is held, however, that the general rule requiring payment or tender of the amount actually due as a condition to equitable relief against the illegal portion of the tax, *has no application to a case where the entire tax fails by reason of an illegal assessment. And in such case an injunction is proper without payment or tender of any portion of the tax,* since it is impossible for the court to determine what portion is actually due, there being no valid or legal tax assessed.

"The present case is not one in which—as in most of the cases brought to enjoin the collection of taxes or the enforcement of special assessments—it can be plainly or clearly seen, from the showing made by the pleadings, that a particular amount, if no more, is due from the plaintiff, and which amount should be paid or tendered before equity would interfere. It is rather a case in which the entire assessment is illegal. In such a case it is not necessary to tender, as a condition of relief being granted to the plaintiff, any sum as representing what she *supposed, or might guess, or was willing to concede,* was the excess of cost over any benefits accruing to the property. *She was entitled, without making such a tender, to ask a court of equity to enjoin the enforcement of a rule of assessment that infringed upon her constitutional rights."* (Emphasis supplied.)

The above rule is generally followed throughout the United States: *"An averment of payment or tender is not necessary, however, when the allegations of the bill show that all the taxes assailed are void and inequitable, or that the void and inequitable part is so inextricably mingled with the part justly due that the two cannot be approximately separated. . ."* 84 CJS 1434, Taxation, § 728 (d 1). (Emphasis supplied.)

I think that the majority requires an impossible act on the part of the taxpayers in this case—to conscientiously compute what their taxes would amount to if the properties in the subdivisions had been constitutionally assessed for taxation. The total assessed value is unknown and the millage is unknown. A tender in such a case would only be a wild guess dressed up in an effort to meet an impossible and inapplicable equity rule.