25820. ESS-KAY ENTERPRISES, INC., et al. v. CITY OF
ATLANTA et al.

UNDERCOFLER, Justice. This case is controlled by the judgment
of this court rendered on May 14, 1970, in the case of *Harding
v. City of Decatur*, 226 Ga. 474.
Judgment affirmed. *All the Justices concur. Felton, J., con-
curs specially.*

ARGUED MAY 21, 1970—DECIDED JUNE 9, 1970—REHEARING
DENIED JUNE 25, 1970.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith,
Robert I. Paller, J. Arthur Mozley, William G. Grant*, for
appellant.
*Harold Sheats, Lokey & Bowden, Charles M. Lokey, H. Boyce
Connell, Jr., John R. Crenshaw, Benjamin L. Johnson, J. Robin
Harris, W. J. Parker, Jr., J. C. Murphy*, for appellees.

ON MOTION FOR REHEARING.

UNDERCOFLER, Justice. The petition in this case was filed on
August 14, 1969. It alleges that the tax bills received by the
appellants are required by law to be paid commencing on Au-
gust 15, 1969, and that this case therefore is materially different
from the facts recited in *Harding v. City of Decatur*, supra,
since the tax due in this case was not due and payable on
August 14, 1969.

We cannot agree with this contention. The legislature in
1951, p. 3087, § 6 (Ga. L. 1953, Nov. Sess., p. 2733; 1955, p.
2088), passed an Act providing for the payment of taxes due the
State of Georgia, Fulton County, and the City of Atlanta. Sec-

tion 6 of the 1951 Act as amended by the 1955 Act now provides: "All taxes due to the State of Georgia on taxable property in Fulton County and all taxes due to Fulton County and to the City of Atlanta may be paid in separate parts as follows: The taxes due the City of Atlanta shall be paid between July 1 and August 15; taxes due to the State of Georgia and Fulton County shall be payable between July 1, and October 15. Any of said taxes not paid in full by the last day specified shall, notwithstanding any existing law, be in default, and shall bear the interest and penalties now or hereafter provided by law for taxes which are delinquent or in default, and executions shall be issued therefor."

*Motion denied.* All the Justices concur, except Felton, J., who concurs specially.

FELTON, Justice, concurring specially. I concur specially in the judgment in this case because I am bound by the decision in *Harding v. City of Decatur*, 226 Ga. 474.