## 51944. H. R. LEE INVESTMENT CORPORATION v. GROOVER.

CLARK, Judge.

The sole issue presented in this appeal from the overruling of appellant's motion for new trial is whether the trial court erred in finding that the motion was not timely filed.

The record shows that a jury verdict for appellee was rendered on October 6, 1975 followed by entry of judgment on the same date. Thereafter appellant filed its motion for a new trial. The motion was marked as "filed" on November 10, 1975, by the clerk's office. The accompanying rule nisi order, setting the new trial motion for hearing, was dated November 7. Appellee moved to dismiss the new trial motion on the ground that it had not been filed within the statutorily required 30-day period following entry of judgment. See Code Ann. § 70-301 (Ga. L. 1965, pp. 18, 30; 1973, pp. 159, 167).

A hearing was thereafter conducted to determine whether the new trial motion was timely filed. Through newly procured counsel, appellant presented an affidavit from its former attorney which recited the following: "Based on the date of the entering of judgment against plaintiff in this case, the deadline for filing the motion for new trial was November 6, 1975. On November 3, 1975, I telephoned the Clerk of Superior Court of Douglas County and asked him whether or not if I mailed the motion for new trial that I had prepared it would be filed before November 6, 1975. I also asked him and conferred with him on the subject of whether or not Judge Murphy would sign it by that date. The Clerk gave me his complete assurances that if I mailed in the motion for new trial on November 3, 1975, that it would be signed and filed in time to meet the November 6 deadline. This I did instead of personally delivering the motion to the court."

At the hearing appellant also presented testimony by a deputy clerk of the court. This witness indicated that where a new trial motion is sent to the clerk's office along with an order requiring a judge's signature, it would be

customary for this clerk to send the motion to the judge prior to marking it "filed." The witness had no knowledge of the actual date when appellant's new trial motion was in fact received in the clerk's office prior to the rule nisi order being signed.

At the conclusion of the hearing, the trial judge ruled against appellant's motion for new trial on the ground that there was no evidence showing that the motion was in the clerk's office prior to November 7, the date on which the judge signed the accompanying rule nisi order. From this ruling appellant appeals. *Held:*

1. The burden is upon the party desiring to take the appeal to file his motion for new trial or notice of appeal within the required 30-day period. *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530). A party does not satisfy this burden by receiving the "assurances" of the clerk or by "conferring" with the clerk as to the speed of postal delivery. "There is only one way in which to file a paper in the clerk's office, and that is by depositing it with the clerk, who is the legal custodian thereof. [Cit.]" *Brinson v. Ga. R. Bank &c. Co.,* 45 Ga. App. 459, 461 (165 SE 321). We therefore cannot consider appellant's contention that he was misled by the clerk into believing that the motion would be received by the filing deadline. See *Jordan v. Caldwell,* supra. Our consideration is instead limited to determining whether appellant has shown that its motion was timely filed.

2. The entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown. *Brinson v. Ga. R. Bank &c. Co.,* supra. This presumption may be rebutted, however, by proof of delivery for filing to the clerk on a different day. "The actual date of filing is the date upon which the paper is handed to the clerk to be filed. [Cit.]" *Brinson v. Ga. R. Bank &c. Co.,* supra, p. 461.

Even if appellant was successful in rebutting the presumption that the motion was filed, as marked, on November 10, it has nevertheless failed to produce any evidence showing that the motion was received in the clerk's office prior to November 7. Appellant's suggestion that the motion may have been sitting in the clerk's office prior to the November 7 date indicated on the rule nisi

order does not constitute the level of proof necessary to sustain appellant's burden under these circumstances.

We note, in addition, that appellant's former counsel erroneously computed the filing deadline to be November 6 rather than the correct date of November 5. See Code Ann. § 102-102 (8) (Ga. L. 1958, pp. 388, 389; 1967, pp. 579, 580). As there was no evidence in the record showing that the motion was received by this date, the trial judge did not err.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED MARCH 8, 1976 — DECIDED MARCH 19, 1976.

*James, Johnson & Pitts, J. Clifford Johnson,* for appellant.

*Noland & Coney, Robert J. Noland,* for appellee.