## 32903. BANK OF CLEARWATER, FLORIDA et al. v. KIMBREL et al.

HILL, Justice.

This interlocutory appeal was granted to the Bank of Clearwater and Joseph S. Clark, defendants below, to review the denial of a motion to establish a copy of an order as the original and the denial of their motion to

dismiss.[1] The trial judge found that his predecessor in office had signed an order granting the defendants' motion for summary judgment on February 19, 1976, but that that order had not been filed with the clerk. He held that because the order was not filed of record, it was not effective.

The evidence is uncontradicted that the 1976 order granting summary judgment, prepared pursuant to the judge's oral announcement and directive, was signed by him. However, the original of that order was not in the case file maintained by the clerk of the Superior Court of White County in February, 1977.

At the hearing on the motion to establish a copy as the original, certain letters, telephone records, and testimony of defendants' attorneys and their secretaries showed that there were two independent telephone verifications with the office of the clerk, Superior Court of White County, that the order was filed on February 21, 1976, two days after it was signed. (No notice of appeal was filed by the plaintiffs.)

Testimony of the clerk and the docket book for the Superior Court of White County show that pleadings and orders frequently are not recorded in the docket book, but are simply placed in the case file with no annotation elsewhere of the record's existence or location. Further testimony of the clerk shows that case files could be and often were removed from the office with only an annotation by the clerk or a deputy of the name of the person taking the file. The plaintiffs agree that the file in this case was removed on December 27, 1976, by an employee of the attorney for the plaintiffs and was in custody of that attorney and each of the plaintiffs before

---

[1] The original suit out of which this appeal arises was a suit for specific performance of a contract for sale of real estate. The defendants defended on the ground that no binding contract was entered into and moved for summary judgment based upon supporting affidavits. Plaintiffs, the tax commissioner of White County and another, failed to show that any genuine issue of material fact existed.

being delivered to the present trial judge. The defendants and their attorneys believed the case was over until it was placed on a pre-trial calendar in 1977.

The uncontradicted evidence established that the order granting defendant's motion for summary judgment was signed by the judge. The testimony of the clerk and the docket book were inconclusive as to whether the order had or had not been filed. The only evidence tending to show that the order was not filed was that it was not in the file a year later after that file had passed through the hands of several interested people. Certain circumstantial evidence indicated that the order was filed.

In the first decision rendered by this court it was held that it will be presumed, when there is no evidence to the contrary, that public officials, including judges, properly discharge their duties. *Truluck v. Peeples,* 1 Ga. 1 (1846); *Allen v. Thomas,* 225 Ga. 650 (171 SE2d 132) (1969); *McDowell v. Judges ex officio,* 235 Ga. 364 (219 SE2d 713) (1975). See *H. R. Lee Invest. Corp. v. Groover,* 138 Ga. App. 231 (225 SE2d 742) (1976). Once it was shown that the order was signed and there was some evidence of delivery to the clerk, the burden of producing evidence of nondelivery was upon the plaintiffs in this case. See *Bowen v. State,* 239 Ga. 517, 518 (238 SE2d 62) (1977). The evidence that the order of the trial judge was not filed was insufficient to overcome the presumption and the evidence indicating that the order was filed. The trial court clearly erred in finding that the order was not filed. Code Ann. § 81A-152 (a).

*Judgment reversed. All the Justices concur, except Hall, J., who concurs specially.*

ARGUED NOVEMBER 15, 1977 — DECIDED JANUARY 5, 1978 — REHEARING DENIED JANUARY 24, 1978.

*Whelchel, Dunlap & Gignilliat, Weymon H. Forrester, Telford, Stewart & Stephens, J. Douglas Stewart,* for appellants.

*Maylon K. London,* for appellees.

HALL, Justice, concurring specially.

In my opinion, there has been much confusion in this case at both the trial and appellate level over the terms "filing" and "entry" of a judgment.

The majority opinion holds that it is the duty of a trial judge to see that the judgment is filed and that the law presumes that he did his duty. I respectfully submit that there is no duty upon the trial judge to file the judgment with the clerk. It follows therefore that there can be no presumption that he did what he was under no duty to do. The person who has the responsibility for seeing that the judgment is filed is the party who obtains the judgment. 49 CJS 234, Judgments, § 108 (b).

"The filing with the clerk of a judgment, signed by the judge, constitutes the entry of such judgment, and unless the court otherwise directs, no judgment shall be effective for any purpose, until the entry of the same, as hereinbefore provided. . ." Code Ann. § 81A-158 (b). See also Code Ann. § 6-903 and *Bowen v. State,* 239 Ga. 517, 518 (238 SE2d 62) (1977).

Filing *with* the clerk means delivering it to the clerk's office. If it reaches the clerk's office, it has been *entered* and is effective irrespective of whether or not the clerk enters it upon his records or it becomes lost. There is evidence in the transcript that this judgment, which was signed by the judge, reached the clerk's office. How it got there or what happened to it afterwards is immaterial. It was an effective judgment and the trial court was in error in ruling that it had never been *entered.*