68341. COE et al. v. PETERSON.
(323 SE2d 715)

McMURRAY, Chief Judge.

Mark Peterson, as plaintiff, brought an action for personal injuries and damages by reason of a beating inflicted upon him by the non-resident defendants, seeking service under the long arm statute. This suit was filed in the State Court of Chatham County, Georgia. Only one of the defendants was served according to the deputy sheriff of Fulton County, Georgia, said service having been accomplished when this defendant was sojourning as a musician at the "Fox Theatre, Peachtree St." This defendant failed to answer. The other defendant did file an answer but the action was dismissed without prejudice as to him.

A final judgment against the defaulting defendant was "finalized" in the State Court of Chatham County after "having been duly heard as to the amount of damages." This defendant then moved to set aside the judgment on the grounds that he had never been served with summons of process outside the State of Georgia pursuant to the long arm statute, OCGA § 9-10-91 et seq.; he was not served with summons of process in Chatham County, Georgia and he had never been served with service of process either inside or outside the State of Georgia. He contends that the court lacked jurisdiction over his person and the judgment was predicated on a non-amendable defect appearing on the face of the record, directing the court's attention to the complaint and process and the return of service appearing in the record. In support of his motion to set aside the final judgment he presented an affidavit in which he set forth that he was a non-resident of the State of Georgia and had resided in Florida and Tennes-

see and at no time had he resided in the State of Georgia and that he had not been served with process in Chatham County or anywhere else in Georgia. He admitted he was temporarily sojourning in the State of Georgia as a musician at the Fox Theatre in Atlanta, Fulton County, Georgia on November 20, 1981, and that on that occasion one of the members of his traveling technical crew gave him a copy of the above-described lawsuit explaining that the same had been handed to him (member of the crew) by a Fulton County deputy sheriff or marshal and that he never responded to the lawsuit.

The trial court has now entered judgment with reference to the defendant's motion to set aside the final judgment which had been finalized on April 16, 1982. Setting forth that service was purportedly perfected at the Fox Theatre in Fulton County, the court proceeded to state that while OCGA § 9-10-94 clearly states further that a non-resident may be served with a summons outside the state in the same manner as service is made within the state, this statute does not bar service in the very state in which the defendant is sued. We note here that the defendant admits he was a non-resident of the State of Georgia and merely sojourning as a musician at the Fox Theatre when he contends someone in his traveling technical crew was served with the lawsuit. The court next dealt with the defendant's claims with reference to the fact that he should have been served as a sojourner in the county where the suit was filed, i.e., Chatham County. The trial court cites that this argument is based on OCGA § 9-10-93 which has reference to venue and not jurisdiction over the person, citing *McPherson v. McPherson*, 238 Ga. 271, 272 (2) (232 SE2d 552). The court then held that venue under the long arm statute cases lies " 'in any county wherein . . . the act or omission occurred . . .' " which in the case sub judice was Chatham County. See OCGA § 9-10-93. The court then considered the argument with reference to the defendant's claim that one of the members of the traveling technical crew had been served with the suit and not the defendant. The return of service, the court states, shows that the deputy sheriff of Fulton County signed the return of service, that service upon the defendant "was personal," and that while a return of service is not conclusive as to the facts therein recited and may be traversed and impeached by proof that it is untrue, it is nevertheless evidence of a high order and can only be set aside upon evidence which is not only clear and convincing but the strongest of which the nature of the case will permit, citing *Denham v. Jones*, 96 Ga. 130, 132 (23 SE 78); and *Rupee v. Mobile Home Brokers*, 124 Ga. App. 86, 88 (2) (183 SE2d 34). The court then found that the defendant's sworn affidavit was neither clear and convincing evidence nor the strongest evidence of which the case will admit and created a mere conflict between the defendant's word against the deputy sheriff's and ruled in favor of the presumption of the return of

service denying the defendant's motion to set aside. Defendant appeals. *Held*:

Our examination of the law as stated by the trial court in the denial of the motion shows clearly that the non-resident was served as a sojourner, albeit not in the county where this judgment was obtained. Certainly service in this state by a deputy sheriff would be as good as that of a process server or sheriff or marshal of a foreign state. Further, venue was proper, and the trial court refused to find, as the trier of fact, that the defendant's evidence had overcome the presumption as to the service by the deputy sheriff which speaks with verity. Court officers are presumed to perform their duties until the contrary appears. See *Bank of Clearwater v. Kimbrel*, 240 Ga. 570, 572 (242 SE2d 16); *Allen v. Thomas*, 225 Ga. 650, 652 (171 SE2d 132); *H. R. Lee Investment Corp. v. Groover*, 138 Ga. App. 231, 232 (2) (225 SE2d 742); *Rupee v. Mobile Home Brokers*, 124 Ga. App. 86, 88 (2), supra, and cases cited. We find no merit in any of defendant's enumerations of error.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1984.

*Donald A. Weissman*, for appellants.
*R. Kran Riddle*, for appellee.