PETERSON, Judge,
concurring specially.
The abuse of discretion standard “recognizes the range of possible conclusions the trial judge may reach, and that there will often be occasions in which we will affirm the evidentiary ruling of a trial court even though we would have gone the other way had it been our call.” Williams v. State, 328 Ga. App. 876, 880 (1) (762 SE2d 261) (2014) (punctuation omitted). For me, this is one of those occasions.
I am less certain than the majority that the trial court applied the correct legal standard, but ultimately conclude that we must treat it as having done so. The trial court concluded that the risk of unfair prejudice substantially outweighed the probative value of the proffered other acts evidence. This is the correct standard appearing in OCGA § 24-4-403. The closer question is whether the risk of prejudice that the trial court identified is properly understood as “unfair,” as the statute requires. The prejudice on which the trial court focused was the risk that jurors “may be tempted to convict based on their belief of what that evidence says about the defendant’s character, rather than the evidence in the case being tried.” But the trial court did not make clear precisely what prejudicial inferences about the defendant’s character it thought the jury might draw from the other acts evidence. This lack of clarity is important, because we could interpret the court’s concern as focused on one of at least two different inferences, one of which — while prejudicial — is not properly understood as “unfair.”
First, we could interpret the trial court’s concern as focused on a jury drawing an inference from the other acts evidence that the defendant “committed this sexual assault because he has a propensity to do so.” Although this inference would be unfairly prejudicial in most cases, OCGA § 24-4-413 is an exception to that rule. “Because [OCGA § 24-4-413] identifies this propensity inference as proper, the chance that the jury will rely on that inference can no longer be labeled as ‘unfair’ for purposes of the [OCGA § 24-4-403] analysis.” United States v. Rogets, 587 F. 3d 816, 822 (7th Cir. 2009) (analyzing Federal Rules of Evidence 413 and 403); see also United States v. Seymour, 468 F. 3d 378, 386 (6th Cir. 2006) (analyzing Federal Rule of Evidence 413). And the possibility that this was the court’s concern is bolstered by a review of two of the three cases the court cited as support for its conclusion. Those cases did not involve Rule 413; instead, they discuss the prejudicial danger of propensity evidence *781 under the general rule disallowing it. See Old Chief v. United States, 519 U.S. 172 (117 S. Ct. 644, 136 LE2d 574) (1997) (holding Rule 403 required exclusion of other acts evidence sought to be admitted under Rule in federal firearms case because “propensity would be an ‘improper basis’for conviction”); Williams v. State, 261 Ga. 640 (409 SE2d 649) (1991) (reversing drug conviction after other acts were admitted, because “evidence of an independent offense or act committed by the accused is highly and inherently prejudicial, raising, as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion”). If this was the inference the court found prejudicial, it would have been error requiring reversal.
But the trial court could equally be interpreted as identifying as prejudicial the risk that jurors, “uncertain of guilt, may convict [the] defendant because they think [he] is a bad person generally deserving of punishment.” Rogers, 587 F. 3d at 823. This interpretation is bolstered by the third case the court cited in support of its conclusion. See United States v. Castillo, 140 F. 3d 874, 882 (10th Cir. 1998) (considering prejudice of other acts evidence in the context of Federal Rules of Evidence 414 and 403 and noting that when other acts “evidence is before the jury, the jury may be tempted to convict for the prior bad act, or what it says about the defendant’s character, rather than what it says about the likelihood that the defendant committed the charged crime”). This prejudice would be unfair even for evidence sought to be admitted under OCGA § 24-4-413.
We ordinarily presume that trial courts apply the correct legal standard unless the record clearly demonstrates otherwise. Here, the trial court’s ruling could be interpreted as applying the correct legal standard. This shifted the burden to the State to show that the court applied the wrong legal standard. Cf. Bank of Clearwater v. Kimbrel, 240 Ga. 570, 572 (242 SE2d 16) (1978) (cited in Branton v. Draper Corp., 185 Ga. App. 820, 825 (366 SE2d 206) (1988)). The State didnot carry that burden, and accordingly I must presume the court applied the correct standard in assessing the risk for unfair prejudice.
Understanding the case in that light, I still view it as a much closer call than does the majority. But the record contains some support for the trial court’s conclusion that the proffered other acts evidence would be of limited probative value, and so I cannot set that conclusion aside while applying an abuse of discretion standard. Affording such limited probative value to the other acts evidence, then, it follows that the record contains support for the trial court’s ultimate conclusion that the risk of unfair prejudice substantially outweighs the limited probative value of the other acts evidence. Accordingly, the trial court’s order must be affirmed.
*782 I disagree particularly, however, with the majority’s treatment of statements made by the trial court during the hearing (and to which the State strongly objects in this appeal). After hearing the State’s argument concerning the admission of the other acts evidence, the court asked the State “[w]hat do you want? What are you all offering, 25 years?” The State responded affirmatively, that they were presently offering “the mandatory minimum at this point.” After further argument, the court offered this observation:
Well, when you are dealing with 25 years as the minimum sentence, I sort of take things seriously to try and get some feel for what the case is about and, you know, 25 years. You know, I could understand that for a serial rapist, some stranger lurking breaking in a house raping somebody. And I guess, you know, everybody says, well, rape is rape is rape, but, you know, to me 25 years in this situation. . . ,[11]
At the close of the hearing, immediately prior to ruling from the bench, the trial court again observed “you are talking about 25 years minimum. ... 25 years which is, you know — and you serve most of that. And you know, this is not a serial rape case.”
The State argues that these considerations were the true motivation for the trial court’s exclusion of the other acts evidence, and, therefore, the court abused its discretion in excluding the evidence for an impermissible reason. The majority rejects that argument because “it does not appear that the court’s inquiry was related to its analysis of the other acts evidence,” and because “the court makes no reference to plea bargaining in its final order.” I do not so readily dismiss the court’s repeated objection to the State’s plea offer as unrelated to the motion the court was deciding. Indeed, one of the references quoted above came in the direct context of the trial court’s verbal ruling:
25 years which is, you know — and you serve most of that. And, you know, this is not a serial rapist case. These other underlying offenses you want me to let in, to me, the prejudice of having him wrongly convicted based on these acts substantially outweighs any probative value; and when you are talking about 25 years of a person’s life, that’s not, that’s not an avenue I want to take.
*783 Decided February 23, 2016
Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Rodney H. Atreopersaud, Assistant District Attorneys, for appellant.
Jennifer Lubinsky, for appellee.
But regardless of subjective motivation, the trial court’s order is objectively affirmable as explained above. The State has not cited, nor have I found, any legal authority for the proposition that the decision of a trial court, although affirmable as an objective matter, may nevertheless be reversed because the trial court may have had an impermissible subjective motivation. Accordingly, I agree that the State cannot prevail on this argument.
I concur in the judgment only.

 Of course, the State alleges that the defendant raped the victim at gunpoint.