BURDEN *et al. v.* GATES.

No. 12822.   JULY 16, 1939.

*J. R. Terrell Jr.,* for plaintiffs in error.
*Wyatt & Morgan,* contra.

JENKINS, Justice. ■ In this suit against the purchaser at a sheriff's sale and his transferee, praying for cancellation of their deeds, under the plea and testimony for the defendants as to the value of alleged bona fide improvements made on the land in question, it was error to direct a verdict for the plaintiff without submitting to the jury the question of recovery by the defendant purchaser for such improvements, under the rules of the Code, § 33-107 et seq.

■ The evidence as to whether the sheriff's deed was void on the ground of attack made in the petition for cancellation, that the levy was excessive, being in conflict as to the value of the lot on which the erection of a house had been started but remained uncompleted, and as to whether it would have been practicable to levy upon a portion of the lot which had not been improved, these issues also should have been submitted to the jury.

■ The direction of the verdict can not be sustained on the plaintiff's contention that the recital in the constable's entry of levy as to the absence of personal property was not sufficient, under the Code, § 24-1413, to authorize the levy on the land, since the plaintiff failed in her petition to make any such attack on the validity of the sheriff's deed. Even if the plaintiff were entitled, in the absence of any pleading, to raise such a question, the attack is without merit. Although § 24-1413 provides that "no constable shall levy on any land unless there is no personal property to be found sufficient to satisfy the debt, which fact must appear by an entry on the execution," and a sheriff's deed based on a constable's return without such an entry is void, and conveys no title (*Robinson* v. *Burge,* 71 *Ga.* 526, 527), it is the rule that "the return of an officer should receive every reasonable intendment and construction," and "if there be ambiguity in it . . as the [officer] has acted officially, the construction given should be that most favorable to his having discharged his duty." *Gibson* v. *Robinson,* 90 *Ga.* 756, 767 (16 S. E. 969, 35 Am. St. R. 250) ; *Griffin* v. *Wise,* 115 *Ga.* 610 (3), 616 (41 S. E. 1003). While the constable's entry is ambiguous in stating that there was "no personal property of *the defendant,*" this language will be construed as referring to both of two defendants, since the judgment and execution were against both, and since all the other parts of the return refer to both. See the general rule of construction, Code, § 102-102 (4).

*Judgment reversed. All the Justices concur.*