## 52441. LEE v. TOLLERSON et al.

CLARK, Judge.

Plaintiffs filed a dispossessory warrant seeking to regain possession of realty occupied by defendant Lee. In his defensive pleadings Lee moved to dismiss the warrant and also counterclaimed for the value of the improvements to the property made by him during occupancy. After a trial by jury the court ordered in conformance with its verdict that plaintiffs recover from defendant $155.80. This sum represented back rent less the amount allowed by the jurors for defendant's expenses of repairs and improvements. The court also entered judgment that plaintiffs were entitled to possession of the property as a matter of law. Defendant was permitted to remain in possession pending an appeal with the proviso that each month he pay into the court a stipulated amount of money as rent.

Thereafter defendant filed a notice of appeal which requested the clerk to include the entire record on appeal including a transcript of the evidence. Later defendant obtained an order extending the time within which to file the transcript. Subsequently defendant filed an amended motion of appeal in which he directed that the transcript of evidence be omitted from the record on appeal. Thereafter, the trial court, noting that defendant had

vacated the premises, granted plaintiffs a writ of possession. *Held:*

1. Plaintiffs-appellees' motion to dismiss the appeal is denied.

2. From the record before us it is clear that defendant has already given up possession of the premises. Accordingly, the question of entitlement to possession encompassed in enumerations of error 4, 5 and 6 has become moot. *Vlahos v. DeLong,* 132 Ga. App. 722 (2) (209 SE2d 12); *Gilbreath v. Grace,* 115 Ga. App. 69 (153 SE2d 618).

3. Defendant's seven other enumerations of error are based upon the trial court's rulings and the evidence adduced at trial. A transcript of the evidence is essential to a determination of the merits of these enumerations of error. However, defendant elected not to file such transcript after initially indicating his intention to do so. "We must presume the trial court correctly ruled on the issues before it under the evidence it considered since appellant expressly chose not to include a transcript of the evidence in this appeal. Appellant has the burden of demonstrating reversible error committed in the trial court but has failed to do so in this appeal." *Buford v. Buford,* 234 Ga. 700, 703 (217 SE2d 160). See *Satterfield v. Satterfield,* 236 Ga. 155 (223 SE2d 136); *Sherron v. Craddock,* 133 Ga. App. 926 (213 SE2d 62), affd. 234 Ga. 695 (217 SE2d 159); *Pope v. Grizzle,* 129 Ga. App. 599 (200 SE2d 297) and cits.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

Submitted July 13, 1976 — Decided July 16, 1976 — Rehearing denied July 29, 1976 —

*Gilbert & Blum, Fred A. Gilbert, David D. Blum,* for appellant.

*J. Tyler Tippett,* for appellees.