58892. HART v. THE STATE.

QUILLIAN, Presiding Judge.
Defendant appeals the dismissal of his appeal by the trial court for delay in filing a transcript. *Held:*

Defendant was convicted of a felony violation of the Controlled Substances Act on February 15, 1977 and filed notice of appeal on February 18, 1977. On July 13, 1979, the state filed a motion to dismiss the appeal because the transcript had not been filed. The trial court dismissed the appeal in accordance with Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29; as amended through 1978, p. 1986), finding that the delay in filing the transcript was unreasonable, inexcusable, and caused by defendant not ordering a transcript from the reporter.

The trial court erred. "Code Ann. § 6-805 (a) provides that in all felony cases, the transcript of evidence and proceedings shall be reported and prepared as provided in

Code § 27-2401. Code § 27-2401 provides that in the event of the jury returning a verdict of guilty in a felony case, the testimony shall be entered on the minutes of the court or in a book to be kept for that purpose. Both of these statutes use the word 'shall,' and Code § 27-2401 makes it the duty of the state to file the transcript with the clerk of the trial court when the jury renders a verdict of guilty in a felony case ... This failure [to file a transcript] was not and is not the fault of the appellant. To the contrary, it is the duty of the state to file the transcript after a guilty verdict has been returned in a felony case." *Wade v. State,* 231 Ga. 131, 133 (200 SE2d 271). Accord, *Parrott v. State,* 134 Ga. App. 160 (214 SE2d 3).

*Judgment reversed. Smith and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 19, 1979 — DECIDED JANUARY 10, 1980 —

*Ken Gordon,* for appellant.
*William F. Lee, Jr., District Attorney, Marc E. Acree, Assistant District Attorney,* for appellee.