36045. THE STATE v. HART.

JORDAN, Presiding Justice.

We granted certiorari to review the decision of the Court of Appeals reversing the trial court's dismissal of Hart's appeal for unreasonable delay in the filing of a transcript. *Hart v. State,* 153 Ga. App. 53 (264 SE2d 542) (1980).

On February 15, 1977, Roger Thomas Hart was found guilty of a felony in Troup Superior Court and sentenced to 4 years. On February 18, 1977, he filed his notice of appeal stating that a transcript of the evidence "will be filed for inclusion in the record on appeal."

On July 13, 1979, the state filed a motion to dismiss the appeal whereupon the trial court determined that Hart had caused the delay of approximately two and one-third years in the filing of the transcript and that the delay was unreasonable and inexcusable. The appeal was dismissed pursuant to Code Ann. § 6-809 (b).

On appeal, the Court of Appeals quoted this court's statement in *Wade v. State,* 231 Ga. 131, 133 (200 SE2d 271) (1973) ("[I]t is the duty of *the state* to file the transcript after a guilty verdict has been returned in a felony case.") and held that because Code Ann. § 6-806 provides that "the party having the responsibility of filing the transcript" shall cause the transcript to be timely filed, any delay in the filing of the transcript was caused, not by Hart, but by the state. Accordingly, the Court of Appeals reversed the trial court's dismissal of Hart's appeal. We reverse the Court of Appeals.

1. Code Ann. § 6-806 provides, in relevant part, that *"Where there is a transcript* of evidence and proceedings *to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed* as provided by section 6-805, *but when the appellant has designated that the transcript not be made a part of the record on appeal* and its inclusion is by reason of a designation thereof by appellee, *the appellee shall cause the transcript to be prepared and filed* as hereinbefore referred to at his expense. *The party having the responsibility of [preparing and] filing the transcript* shall cause it to be [prepared and] filed within 30 days after filing of the notice of appeal or designation by appellee, as the case may be, unless the time is extended as provided in section 6-804."

This code section clearly demonstrates that "the party having the responsibility of [preparing and] filing the transcript" refers to either the appellant or the appellee, and, that, when an appellant states in his notice of appeal that a transcript is to be transmitted as part of the appellate record, "the party having the responsibility of [preparing and] filing the transcript" refers to *the appellant.*

Investing 6-806 with the relevant express terms of Code Ann. § 6-805 (e), the appellant who states in his notice of appeal that a transcript is to be transmitted as part of the appellate record is statutorily mandated *to cause the court reporter to prepare* and file an original and one copy of the transcript with the clerk of the trial court together with the court reporter's certificate attesting to the correctness thereof *within 30 days after filing of the notice of appeal* unless the time is extended as provided in section 6-804.

Thus, said appellant's 6-806 duty clearly includes the duty to request the court reporter to transcribe the reported testimony at the same time that he files his notice of appeal.

In *Wade v. State,* supra, this court quoted from Code Ann. § 27-2401 which provides as follows: " On the trial of all felonies, the presiding judge shall have the testimony taken down, and . . . in the event of a verdict of guilty, the testimony shall be entered on the minutes of the court or in a book to be kept for that purpose."

This code section clearly states that, in the event of a felony conviction, it is the duty of the state, at its own expense and through the agency of the presiding judge, to request the court reporter to transcribe the reported testimony. See *Harris v. State,* 237 Ga. 718, 726 (230 SE2d 1) (1976).

In *Wade,* we combined this duty of the state, under 27-2401, with Code Ann. § 6-805 (e), and concluded that "it is the duty of the state to [request the court reporter to transcribe the reported testimony and then] file the transcript after a guilty verdict has been returned in a felony case."

However, the state's duty to request the court reporter to transcribe the reported testimony in a felony conviction has no time limit and thus cannot relieve an appellant in a felony conviction of his 6-806 duty to request the court reporter to transcribe the reported testimony at the same time that he files his notice of appeal.

Accordingly, we hold that an appellant, such as Hart, who appeals his felony conviction, and states in his notice of appeal that a transcript is to be transmitted as part of the appellate record, has a continuing duty under 6-806, to request, at the same time that he files his notice of appeal, the court reporter to transcribe the reported testimony.

2. Code Ann. § 6-809 (b) provides in relevant part: "[T]he trial

court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of [the] transcript and *it is shown that the delay was* inexcusable and *caused by* [the party having the responsibility of (preparing and) filing the transcript.]"

As noted in part one of this opinion, Hart was required by 6-806 to request the court reporter to transcribe the reported testimony at the same time that he filed his notice of appeal.

The record reveals that Hart filed his notice of appeal on Feb. 18, 1977, and that, as of July 13, 1979, approximately 2 1/3 years later, the court reporter had not filed a transcript with the clerk of the trial court.

Further, the affidavit of the court reporter stated that, although he had reported the felony prosecution, he had not transcribed the report following conviction "because there had been no . . . *request*" for a transcript "by the defendant."

Accordingly, the trial court was authorized to find as a fact that the present appellant had *caused* the 2 1/3 years delay in filing. Given the length of delay, the trial court did not abuse its discretion by dismissing Hart's appeal.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 15, 1980 — DECIDED
SEPTEMBER 4, 1980.

*William F. Lee, Jr., District Attorney, Marc E. Acree, Assistant District Attorney,* for appellant.

*H. J. Thomas, Jr.,* for appellee.