61112. LESTER v. CROOMS, INC.

QUILLIAN, Chief Judge.
Crooms, Incorporated, brought this action against Felton Lester and Wayne Brown, alleging the defendants had failed and refused to

pay a promissory note. The return of service showed: "I certify that I have this date served the Defendant *Wayne W. Brown & Felton A. Lester,* [Handwritten], with a copy of the within summons and complaint by leaving the same at said defendant's dwelling house and/or usual place of abode with *Victoria Blow* [Handwritten], a person of suitable age and discretion then residing therein." An answer was not filed and plaintiff took a default judgment. Defendant-appellant Lester moved to set aside the default with an affidavit which showed that he and his grandson, Wayne W. Brown, both lived at the address cited in the summons. He stated he "was never served with the complaint, had no knowledge or notice of the above-styled action by any service of said complaint nor by any other manner or means." He admitted that his "minor granddaughter, Victoria Blow, was served with *one* summons and complaint for Wayne W. Brown and myself and therefore I had no notice and could not be held to have known the above-styled action." (Emphasis supplied.) The trial court denied defendant's motion to open default and Lester brings this appeal. *Held:*

Defendant contends that only one copy of the summons and complaint was served upon him and Brown, at the same residence. He argues that although this is an issue of first impression in this State, other states have decided the same question — holding that the minimum necessary copies to be served are one for each defendant even though they have a common agent. See Tropic Builders, Ltd. v. Naval Depot Lualualei Quarters, Inc., 402 P2d 440, 446 (7) (Ha. 1965); Doyle v. Jorgensen, 414 P2d 707 (4) (Nev. 1966); Hale v. Brewster, 467 P2d 8 (1) (NM 1970); Mamlin v. Tener, 23 A2d 90 (1) (Pa. 1941); Chaney v. Reddin, 205 P2d 310 (Ok. 1949); see also 72 CJS 1056, Process, § 46; 62 AmJur2d 888, Process § 103; 8 ALR2d 343.

The trial court found that the officer who had made service was deceased and ruled that "[t]he return of service is susceptible to the interpretation that a copy for each of the two defendants was left with Victoria Blow." We agree and affirm the trial court.

This court will strictly construe Code Ann. § 81A-104 (d) (7) (CPA § 4 (d) (7); Ga. L. 1966, pp. 609, 610; as amended through 1972, pp. 689—692), requiring service of the summons and complaint personally upon the defendant, or by "leaving copies thereof" at his dwelling or usual place of residence, for notice is the very bedrock of due process. *Thompson v. Lagerquist,* 232 Ga. 75, 76 (205 SE2d 267). "In the absence of service in conformity with such rules, or the waiver thereof, no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void." *DeJarnette Supply Co. v. F. P. Plaza,* 229 Ga. 625 (4) (193 SE2d 852).

" 'A return of service entered upon a declaration is not

conclusive as to the facts therein recited. It may be traversed and impeached by proof that it is untrue. It is of itself, however, evidence of a high order, and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit.' *Denham v. Jones,* 96 Ga. 130, 132 (23 SE2d 78)." *Hickey v. Merrit,* 128 Ga. App. 764, 766 (197 SE2d 833).

The return of service in the case at bar consists of handwritten and printed matter. Only the names and the date are handwritten, the remainder is printed. In essence the return shows "the defendant *Wayne W. Brown & Felton A. Lester*" were served with "a copy" of the summons and complaint by leaving it with a minor granddaughter of Lester's, "a person of suitable age and discretion then residing therein." This admixture of the singular and plural is subject to an interpretation that "the defendant[s]" Brown *and* Lester each received "a copy" of the summons and complaint, as the typed portions of the return are in the singular and the handwritten portion is in the plural. Our Code provides that in interpreting statutes, a similar printed textual matter, "[t]he singular or plural number shall each include the other . . ." Code Ann. § 102-102 (4) (Code § 102-102); *Burden v. Gates,* 188 Ga. 284, 286 (3) (3 SE2d 679); *Carmichael v. City of Jackson,* 194 Ga. 664, 670 (22 SE2d 470). Furthermore, when interpreting any conflict in a contract, courts hold that the handwritten portion prevails over the printed portion if they cannot be reconciled. Code Ann. § 20-704 (7) (Ga. L. 1964, pp 414, 415); *Stanley v. Greenfield,* 207 Ga. 390 (2) (61 SE2d 818); *Batson-Cook Co. v. Poteat,* 147 Ga. App. 506 (1) (249 SE2d 319). The handwritten portion shows both were served.

Although the defendant attempts to prove, by his affidavit, that his minor granddaughter received only one copy of the summons and complaint, other parts of his statement conclusively show he was not present at the time of service and knew nothing about such service except as was related to him. This statement is inadmissible hearsay and of no probative value. It is not the "strongest of which the nature of the case will admit." See *Hickey v. Merrit,* 128 Ga. App. 764, 766, supra.

The plaintiff stated in his brief to the trial court that he delivered the original and two separate service copies of the summons and complaint to the clerk, and as no extra copies were in the final record, and none were returned to him, it would appear the deputy sheriff must have left both service copies at the defendant's address. Such argument is not evidence, even though contained in the "fact" portion of the plaintiff's brief and we will not consider it. *Redwing Carriers, Inc. v. Knight,* 143 Ga. App. 668, 674 (239 SE2d 686). However, we will note that a hearing was held on the motion and the

defendant elected not to include the transcript on appeal. The trial court stated in its order that plaintiff's attorney "stated in his place that he furnished the Clerk of the Court enough copies to serve one on each defendant and that no copies appeared to be left over after service was made and none was returned to him."

The return of service was evidence of service upon both defendants, and was supported by counsel's delivery of copies for both defendants to the clerk. The traverse created an issue for the trial court and we cannot say that the court's resolution of this issue was without foundation — as we have no transcript of the hearing. See *Aviation Electronics v. U. S. Energy Conservation Systems,* 242 Ga. 224 (248 SE2d 610).

"In the absence of contradictory evidence, the trial court was warranted in accepting the certificate of service as proof of personal service . . . The presumption is that a public officer faithfully and lawfully performed the duties devolving upon him by law. [Cits.] [The defendant] not having met the burden of showing that the service was improper, the trial court properly denied his motion to expunge the default judgment." *Woods v. Congress Financial Corp.,* 149 Ga. App. 156, 157 (253 SE2d 834). Hence, under the above state of facts, we find no abuse of discretion by the trial court in denying defendant's motion to open default. *Williams v. Mells,* 138 Ga. App. 60, 61 (225 SE2d 501).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 5, 1981.

*Jay W. Pakchar,* for appellant.
*Bruce M. Hofstadter,* for appellee.