## 37721. OUTZ et al. v. WHITWORTH.

GREGORY, Justice.

Appellee Rachel P. Whitworth, as administrator of the estate of Mrs. Ethel Peeples, filed a complaint in the Superior Court of Franklin County praying that a quitclaim deed, purportedly conveying a 103.8 acre tract of land from the deceased to Eula M. Peeples Outz and her husband Grady E. Outz, be cancelled because at the time the deed was executed Mrs. Peeples was incompetent. Subsequently, Ms. Whitworth filed a motion for summary judgment which was granted by the trial court. Defendants Mr. and Mrs. Outz appeal.

(1) Some evidence was presented by appellants, in response to appellee's motion, to support their contention that Mrs. Peeples was competent to execute the quitclaim deed. Appellee contends that the competency of Mrs. Peeples has already been determined in a previous case involving the same parties, and the issue is res judicata.

It is not disputed that appellee and other children of Mrs. Peeples had, prior to their mother's death, instituted an action seeking to set aside a warranty deed from Mrs. Peeples to the Outz' purportedly conveying the same 103.8 acre tract of land. The suit also sought to set aside a deed to a 14.86 acre tract. Appellants admitted in their answer that the jury returned the following verdict: "We the jury, find for the plaintiff and set aside only the deed to the 103.8 acre tract;" and that based upon such verdict, a judgment was entered declaring the warranty deed to the 103.8 acre tract to be null and void.

The difficulty with appellee's position is that, even if we assume that a jury verdict finding Mrs. Peeples incompetent to execute a warranty deed would be *res judicata* as to her competence to later execute a quitclaim deed to the same tract of land to the same grantees, we cannot determine from the record in this case that the jury's verdict was based upon the incompetence of Mrs. Peeples. The first case was apparently tried before the same judge who ruled on the motion for summary judgment in this case. However familiar the court may have been with the previous case, a court may not take judicial notice of the record in another case, even if that case were tried in the same court. Such portions of the other case as are necessary to support a plea of res judicata must be proved in a manner provided by law. *Altman v. Florida-Georgia Tractor Co.,* 217 Ga. 292 (3) (122 SE2d 88) (1961).

(2) Appellee's other argument as to the effect of the quitclaim deed depends upon factual matters not supported by the record in this case.[1] We, therefore, do not address it.

---

[1] This is not a case such as *Brown v. Frachiseur,* 247 Ga. 463 (277 SE2d 16) (1981),

*Judgment reversed. Jordan, C. J., Hill, P. J., Marshall, Clarke and Smith, JJ., concur.*

DECIDED SEPTEMBER 23, 1981.

*Rodger E. Davison,* for appellants.
*Andrew J. Hill, Jr., Margaret N. Dyal,* for appellee.

where the appellant failed to transmit to this court enough of the record from the court below to meet the burden an appellant has to establish that error has been committed. Rather, insofar as we can tell, the entire record in *this* case is before us. It does not support the grant of summary judgment to appellee.