64343. PATTERSON v. CITIZENS & SOUTHERN BANK OF FULTON COUNTY.

BIRDSONG, Judge.

Claude Patterson executed a promissory note to The Citizens & Southern Bank of Fulton County ("C&S") on February 22, 1979. The note was executed in Fulton County. Patterson shortly thereafter left the state and resided for a period of time in Reseda, California. The note came into default, and the bank filed suit against Patterson seeking recovery on the note. Service was sought upon Patterson under the long arm statute at the California address but was unsuccessful apparently because Patterson had moved from the State of California to the State of New York. Ultimately it was determined that Patterson had further moved to Charlotte, North Carolina and thence to College Park, Georgia. Thereafter on August 17, 1981, Patterson was personally served with the complaint at his then-place of business on Peachtree Road in Fulton County. Appellant Patterson filed an answer denying jurisdiction or proper service of process or that there was venue in Fulton County. The bank served interrogatories and sought admissions from Patterson and at about the same time took Patterson's deposition. In the deposition, Patterson established that he had no fixed place of abode, was unemployed and lived with friends and his daughter for short periods of time. He admitted the execution of the note, that it was past due, that he owed the amount sought and would gladly pay it if he was employed. The bank sought summary judgment which was granted. Patterson brings this appeal enumerating seven alleged errors. *Held:*

1. Patterson contends in several related enumerations that lack of jurisdiction and service of process are matters in abatement and not the proper subject of summary judgment. We do not disagree with that contention. However, the bank did not seek to obtain summary judgment on those issues. Patterson raised those matters as defensive issues. The bank moved for judgment on the defaulted note. There is no dispute as to the facts, merely the legal implication

of those facts.

Code Ann. § 79-402 provides for service upon transient persons at such place as they at the time temporarily occupy. There can be no question that appellant's deposition testimony make him a "transient." At the time of service, he had resided temporarily at several places in Fulton County. Thus we conclude that venue and jurisdiction were properly laid in Fulton County. See *Crawford v. Wilson,* 142 Ga. 734, 737 (1) (83 SE 667).

Patterson also argues that return of service does not reflect that he was served at "his dwelling or usual place of abode." Code Ann. § 81A-104 (d) (7). However, that code section provides for alternative forms of service. One form is personal service into the hands of the party served, or if not into his hands personally, then service is authorized at his dwelling house or usual place of abode. The return of service showing that Patterson was personally served, there is no merit to an allegation that the service or return of service was insufficient.

Lastly appellant argues that the complaint alleges his residence to be in Reseda, California and that service could be made under the provisions of the long arm statute. He thus argues that service did not and could not conform to the pleadings inasmuch as service was made in Fulton County. He further argues that because the complaint did not allege he was a resident of Fulton County, the complaint must fail. Assuming arguendo that the complaint was defective for the reason claimed, any such defect was cured by the judgment conforming the pleadings to the evidence. *C. E. Morgan Bldg. Products v. Safe-Lite Mfg.,* 244 Ga. 475 (260 SE2d 870); *Leniston v. Bonfiglio,* 138 Ga. App. 151, 152 (226 SE2d 1).

2. Patterson argues that he was not given sufficient time to make reply to the bank's interrogatories and request for admissions before the bank sought and obtained Patterson's deposition. Inasmuch as most of the matters sought in the interrogatories and requests for admission were answered in the deposition less than the 33 days (30 days plus 3 days for mailing) granted to one answering interrogatories, Patterson contends that the trial court could not consider the answers in the deposition. This argument is more ingenious than persuasive. The simple fact is that appellant Patterson did fully and voluntarily answer the oral questions propounded at the taking of the deposition and did not inject any objections to the deposition (nor does he now contend that the deposition is improper). Thus, it was not improper for the trial court to consider the deposition's questions and answers in evaluating the motion for summary judgment. This enumeration is without merit.

3. Patterson contends that because the trial court accepted his

motion for free appeal based on his pauper's condition, the court erred in requiring him to post a $10,000 supersedeas bond. There is no indication that the bank has sought to collect upon its judgment pending appeal or that Patterson has in any way been denied his right to appeal. In the absence of any showing of harm or the denial of right to appeal, there can be no merit to this enumeration. See *Salim v. Salim,* 244 Ga. 513, 514 (260 SE2d 894).

4. Appellant's contention that the trial court did not make appropriate findings of fact and conclusions of law in the grant of summary judgment finds no support in the law, inasmuch as such are not required. *Nelson v. Mexicana de Jugos Y Sabores,* 139 Ga. App. 612 (229 SE2d 102).

Based upon the foregoing, we find no error in the grant of summary judgment to the appellee bank. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 15, 1982.

*Mary Brock Kerr,* for appellant.
*S. Richard Rubin, Thomas P. Lenzer, Elizabeth A. Edelman,* for appellee.