65511. LONG v. CITY OF MIDWAY et al.
65898. AMERICAN FIDELITY FIRE INSURANCE COMPANY v. LONG.

BIRDSONG, Judge.
Dismissal for Late Filing of Notice of Appeal. In 1975 Van's Enterprises, Inc. contracted with the City of Midway for construction of a water system. American Fidelity Fire Ins. Co. executed bonds guaranteeing faithful performance and proper payment due on Van's contract. Van's defaulted and American Fidelity completed the contract in January 1978. In April 1978, Long, a property owner of land contiguous to the water system construction, brought suit for damage to his land during construction. American Fidelity filed a motion for summary judgment in January 1979 and this motion was granted by the trial court on September 27, 1979. Long filed notice of appeal on October 5, 1979.

Several weeks passed but counsel for Long had not received notice that the record had been prepared and forwarded to this court pursuant to the notice of appeal. Long's attorney then contacted the clerk of court and was assured that the clerk would assemble the record and forward it in a few days. After the passage of either several more weeks (the clerk's recollection) or several more months (the attorney's recollection), the attorney still had no bill for costs or

assurance that the record had been forwarded. The attorney then borrowed the record documents, made copies and returned them to the clerk's office to assist the clerk in filing the record in this court in compliance with the notice of appeal. On the basis of the record, we conclude this last effort was expended by Long's attorney sometime during the first half of 1980.

On or about September 1, 1982, at least two years after the last efforts by Long to perfect the appeal, counsel for American Fidelity informed Long's attorney that American Fidelity proposed to file a motion to dismiss the appeal for an unreasonable and inexcusable delay in filing the record. Counsel for Long again approached the clerk and ascertained the record had not been filed. The record was finally filed in this court on October 29, 1982. American Fidelity filed its motion to dismiss the appeal on September 30, 1982. The trial court denied the motion on November 4, 1982, holding that there was undue delay but this was excusable as being chargeable to the clerk of court. The court also concluded that while appellant could have shown more diligence in pursuing the appeal, the court accepted the clerk's affidavit and certification that the failure to prepare and forward the record was not hindered by Long or his counsel. Long filed his appeal to the grant of summary judgment in 1979 and American Fidelity has filed an appeal to the denial of the motion to dismiss the appeal in November 1982. Upon motion of the parties, we will consider the two appeals in this one opinion. *Held:*

The trial court in considering and granting a motion to dismiss under the Appellate Practice Act must find the delay to be both unreasonable and inexcusable. *Young v. Climatrol Southeast Dist. Corp.,* 237 Ga. 53, 55 (226 SE2d 737). In making this determination, the trial court exercises legal discretion and the exercise thereof is subject to appellate scrutiny. *Gilman Paper Co. v. James,* 235 Ga. 348 (219 SE2d 447).

OCGA § 5-6-42 (Code Ann. § 6-806) clearly demonstrates the party having the responsibility of preparing and filing the transcript refers to either the appellant or the appellee and when, as in this case, the appellant (Long) states in his notice of appeal that the entire record and transcript was to be transmitted as part of the appellate record, the ultimate responsibility for filing the record rested on Long. *State v. Hart,* 246 Ga. 212, 213 (271 SE2d 133). When the ultimate responsibility has been fixed, that party has a continuing duty under OCGA § 5-6-42 (Code Ann. § 6-806) to expend reasonable efforts to make sure the reporter transcribes and forwards the transcript and record. *State v. Hart,* supra, p. 213. We have considered also that though Long, through counsel, early in the appellate process made several efforts to ensure the record was filed,

at no time, so far as the record reflects, did Long request from the trial court any extension of time to justify the delay in filing. Moreover, Long allowed two silent, inactive years (approximately) to pass between his last contact with the clerk and his notification by opposing counsel that a motion to dismiss the appeal was forthcoming. Thus even assuming that Long himself was not the one who failed to forward the record, the fact that the delay was not the personal act of Long or his counsel still does not explain the failure to make inquiry for over two years nor excuse the filing delay, in the absence of a proper request by Long for an extension of time. See *Dampier v. First Bank &c. Co.,* 153 Ga. App. 756, 757 (266 SE2d 539).

We conclude on the basis of the evidence in the record before us that Long was charged with the ultimate responsibility for the filing of the record in this case when in his appeal he requested the entire file be included in the appellate record. Though Long made appropriate efforts to fulfill his responsibilities during the first several months, he abandoned those efforts for over two years without requesting delay or taking any additional steps to perfect his appeal. Failure timely to file the record of proceedings or timely to obtain an extension of time for so doing requires dismissal of the appeal. *Fahrig v. Garrett,* 224 Ga. 817, 818 (165 SE2d 126); *O'Kelley v. McLain,* 123 Ga. App. 669 (182 SE2d 189). Though in its order the trial court found the delay unreasonable, the court placed the fault on the clerk and excused Long. In this we conclude the trial court acted outside the bounds of discretion. The responsibility lay on the appellant Long and no excuse is shown for the failure to pursue the appeal for over two years *or even to request an extension of any sort.* The conclusion is inescapable that the trial court should have found the delay both unreasonable and without excuse. It follows the trial court erred in denying the motion to dismiss the appeal. The 1979 grant of summary judgment to American Fidelity is necessarily affirmed.

*Judgment in case no. 65511 is affirmed; judgment in case no. 65898 is reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 1983 —
REHEARING DENIED. MARCH 3, 1983 — 

*Alvin G. Wells, Jr.,* for appellant in case no. 65511.
*J. Sidney Flowers, James B. Franklin, Kenneth W. Krontz, Chris C. Howard, Jr.* for appellees.
*James B. Franklin,* for appellant in case no. 65898.

*Alvin G. Wells, Jr., J. Sidney Flowers,* for appellee.