### 69042. SILER v. JOHNS.
(327 SE2d 810)

BEASLEY, Judge.

Defendant-appellant Siler appeals the denial of her motion to dismiss plaintiff-appellee Johns' action on open account as barred by the statute of limitation for lack of timely service of process.[1]

On June 4, 1980, appellee filed suit to recover medical fees incurred on account from March 15, 1977 to January 30, 1978, within the four-year statute of limitation of OCGA § 9-3-25. No service was had on appellant up to April 30, 1981, when appellee moved for service by publication supported by appellee's attorney's affidavit that appellant resided at a certain address in Norcross and that repeated efforts to perfect personal service on her had failed because appellant was not at home or would not come to the door, would not return calls made to her answering machine, had personally talked to the attorney about the claim, would not allow herself to be served, and was therefore deliberately avoiding service. The motion was granted and service by publication four times was made. On June 15, 1981, appellant filed an answer to the complaint raising the defenses of statute of limitation and improper service. After the statute of limitation had expired, on March 24, 1982, appellant filed a motion to dismiss the complaint based on lack of proper service and lack of due diligence in serving. After hearing, the trial court ordered the service by publication quashed, finding on her affidavit that appellant had

---

[1] Appellee argues that it is too late to appeal the denial of that motion, but appellant was unsuccessful in obtaining interlocutory appeal, and appeal after judgment allows enumerating as error the ruling on interim motions, so long as the question has not become moot (as it would in such matters as denial of summary judgment).

not secreted herself to avoid service and that there was no evidence of any attempt to serve her personally.

On May 19, 1982 appellant was finally personally served. She again answered the complaint raising defenses of the statute of limitation and improper service and moved to dismiss the complaint on these grounds on August 29, 1983. After a hearing on September 7, in which the only evidence was the prior record, the trial court, after reviewing also subsequent correspondence which is not in the record, denied the motion to dismiss on October 31. It stated that because appellant's affidavit indicated that she lived at her listed address sporadically from June 1980 through June 1981, the efforts made by appellee to serve her did not evidence such a lack of diligence that the complaint should be dismissed. Trial on March 12, 1984, resulted in judgment and verdict for appellee. *Held*:

" 'Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (if the service is more than five days after the filing) depends on the length of time and the diligence used by the plaintiff.' " *Scoggins v. State Farm &c. Ins. Co.*, 156 Ga. App. 408, 410 (274 SE2d 775) (1980). See OCGA § 9-11-4 (c). "[T]he correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible . . . A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be." *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975). "The plaintiff has the burden of showing lack of fault." *Smith v. Griggs*, 164 Ga. App. 15 (2), 18 (296 SE2d 87) (1982). This derives from the intent of the law expressed in OCGA § 9-11-4 (c), which requires that: "When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." The question on appeal is whether the trial court abused its discretion in concluding that there was due diligence by plaintiff in seeking to perfect service. *Early v. Orr*, 135 Ga. App. 887 (219 SE2d 622) (1975). To reverse the trial court, we would have to say as a matter of law that the trial court abused its discretion. Ibid.

Our review of the record is handicapped by the absence of any transcript from the two hearings on the subject, the correspondence of September 1983 which may have included undisputed facts, and any evidence of the sheriff's attempt at service. It is the parties' responsibility to assure that the record supporting the positions taken in their briefs is properly before the court. OCGA § 5-6-42. *Turner v.*

*Watson*, 139 Ga. App. 648 (229 SE2d 126) (1976); *State v. Hart*, 246 Ga. 212 (271 SE2d 133) (1980); *Long v. City of Midway*, 165 Ga. App. 602 (302 SE2d 372) (1983); *Boats for Sail v. Sears*, 158 Ga. App. 74 (279 SE2d 314) (1981). Thus we cannot consider appellee's statements as to evidence which is not before us or the absence of which is not explained in the record. *Outz v. Whitworth*, 248 Ga. 208 (2) (281 SE2d 620) (1981); *Lowery v. Horn*, 147 Ga. App. 880 (251 SE2d 840) (1978).

Based on what is before us, it appears that defendant owned two residences, one in Florida, where she spent most of her time during the period in question, and one in Norcross. The complaint was filed June 4; she was not in Norcross until July 21. From then through June of 1981, she was at the Norcross residence on a number of occasions, sometimes several a month, but generally only for a few days at a time. The great majority of her time was spent in Florida. While the focus must be on what plaintiff did, his failure to perfect service may be excused by defendant's unavailability for service. Here his attorney left telephone messages which she says she did not receive; personal visits to the residence did not yield a response; and plaintiff finally went to the trouble and expense of serving defendant by publication. Although the record does not show what occurred when the sheriff sought service, it can be inferred that service was attempted, as the law required him to do so upon receipt of the complaint and summons from the clerk, whose duty it was to deliver it to him for service. OCGA § 9-11-4 (a), (c), and (d). *Lester v. Crooms, Inc.*, 157 Ga. App. 377, 380 (277 SE2d 751) (1981). Then, when the service by publication was set aside, plaintiff did obtain personal service the next month.

While the long delay here is not fully explained by plaintiff, and plaintiff's efforts to catch defendant when she was in Norcross are not spelled out with particularity as they should be, the factor of dual residency contributed to the unfruitfulness of plaintiff's efforts. The point is that he made them, and they were minimally sufficient to support the trial court's ruling below.

*Judgment affirmed. Carley, J., concurs. Birdsong, P. J., concurs specially.*

DECIDED MARCH 7, 1985.

*Stuart A. Kurtz*, for appellant.
*Fred W. Minter*, for appellee.

BIRDSONG, Presiding Judge, concurring specially.

Because there is no evidence in this record to explain fully the

circumstances as to why 714 days elapsed between the original filing of the complaint in this case and the ultimately successful personal service of process upon Ms. Siler, or why service by publication was not initiated long before the passage of almost two years, I am reluctantly forced to concede the absence of such evidence in the transcript compels this court to apply the presumption of regularity that the trial court properly exercised its discretion in finding Dr. Johns acted with sufficient diligence in effecting service. See *Bank of Clearwater v. Kimbrel*, 240 Ga. 570, 572 (242 SE2d 16); *Lee v. Tollerson*, 139 Ga. App. 446, 447 (228 SE2d 595).

The unexplained passage of 714 days between complaint and service of process upon its face cries out for a finding of lack of diligence and is wholly inconsistent with the demands for speedy and fair justice. A full development of facts in the record may well have mandated a different result. However in the face of the presumption of regularity of performance of duties by a public official, the exercise of discretion by the trial court following a hearing on the issue requires an affirmance of that exercise.