## CIRCUIT COURT OF SCOTT COUNTY

Donald W. Lark

    v.

Pak-Mor Manufacturing Co. and
Virginia Employment Commission

July 9, 1990

Case No. 1817

By JUDGE JAMES C. ROBERSON

I have reviewed the pleadings, the records, authorities cited, and argument of counsel and make the following decisions in the above-styled case.

*Proceedings*

Donald W. Lark (hereinafter referred to as Employee) filed a petition in the Circuit Court of Scott County, Virginia, against the Virginia Employment Commission (hereinafter referred to as Commission) and Pak-Mor Manufacturing Company (hereinafter referred to as Employer) requesting a judicial review of the decision of the Commission pursuant to the provisions of § 60.2-625 of the Code of Virginia.

Employee worked as a welder for employer from November 7, 1988, until he resigned on January 31, 1989. On February 16, 1989, a Deputy Commissioner for the Virginia Employment Commission denied his claim for unemployment compensation on the ground that the employee left his employment voluntarily without good cause. On March 29, 1989, the appeal's examiner denied the employee's appeal and affirmed the

deputy's determination. Employee appealed to the Commission on April 13, 1989. The Commission denied the employee's appeal and affirmed the decision of the appeal's examiner on July 19, 1989. On September 13, 1989, the employee filed a timely petition for judicial review of the Commissioner's decision by the Circuit Court pursuant to the provisions of § 60.2-625 of the Code of Virginia.

*Issue*

Did the employee leave work voluntarily without good cause and become disqualified for employment compensation benefits pursuant to § 60.2-618(1) of the Code of Virginia (1950) as amended?

*Facts*

Employee worked as a welder for Pak-Mor Manufacturing Company in Duffield from November 7, 1988, until January 31, 1989. According to the employee, other employees at the plant were discharging fireworks during the holiday season of December, 1988, through January, 1989. The fireworks included bottle rockets, firecrackers, and gas bombs of acetylene and oxygen. Employee further states that firecrackers were placed into his welding gun, one of which exploded upon heating the gun. Employee also discovered a firecracker in his welding gun on January 29, 1989, two days before he left employment.

On several occasions, employee attempted to contact his supervisors concerning the fireworks, which he felt created an unsafe working environment. Employee was unable to contact his supervisor, Charles McDonald, who was in Texas for the holidays. However, claimant eventually talked with supervisor Danny Allen and supervisor McDonald on at least one occasion, but it is unclear exactly what was discussed.

Employee also expressed dissatisfaction with his job in general, claiming that he was being harassed by his superiors. He further expressed dissatisfaction because he was not provided a tack shield and because his uniforms were late in arriving (the uniforms in question arrived the day claimant left).

It is unclear from the record whether the claimant's complaints and eventual resignation were the result of the fireworks or other reasons. Supervisor McDonald admits that he knew of the fireworks but denies knowing that firecrackers were placed in the claimant's welding gun. The employer posted signs forbidding employees from bringing fireworks to the plant or discharging them there. The warning indicated that violators would be fired. The employee himself knew the identities of the violators but declined to reveal them for fear of retaliation.

Employee admits that there was no particular problem on January 31, 1989, which forced him to leave; rather he "finally just got aggravated . . . ." Employee further stated that he did not leave his job during the period that the fireworks were being discharged because he needed the job at that time.

## Decision

Section 60.2-618(1) of the Code of Virginia provides that a claimant shall be disqualified for benefits if he "left work voluntarily without good cause." The standard of review in any judicial proceeding is well established. Under Code § 60.2-625(A), the Commissioner's findings of fact, if supported by evidence and in the absence of fraud, are conclusive. The jurisdiction of the Circuit Court is confined to questions of law. *Virginia Employment Commission v. City of Virginia Beach*, 222 Va. 728, 734, 228 S.E.2d 595, 598 (1981) cited in *Lee v. Virginia Employment Commission*, 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985).

In *Lee, supra*, the Virginia Court of Appeals upheld the standard for establishing good cause for voluntarily leaving work, as follows:

The commission has adopted and held firmly to the premise that an employee, who for some reason becomes dissatisfied with his work, must first pursue every available avenue open to him whereby he might alleviate or correct the condition of which he complains of before relinquishing his employment . . . He must take those steps that could be reasonably expected of a person

desirous of retaining his employment before hazarding the risks of unemployment. 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985).

The commission has consistently held that an individual leaves work voluntarily without good cause unless the reason for leaving is of such a compelling nature as would leave him no other reasonable alternative than quitting his job. *See Gary D. Compton v. Color Clean Corporation*, Commission Decision No. 18749-C (July 16, 1982). It is well settled that when the construction of a statute has been uniform for many years in administrative practice and has been acquiesced in by the General Assembly, such construction is entitled to great weight with the courts. *Dan River Mills, Inc. v. Unemployment Compensation Commission*, 195 Va. 997, 1002, 81 S.E.2d 620, 623 (1954).

In the present case, the employee voluntarily left his job on January 31, 1989. His reasons for doing so are, at best, unclear. While the incidents of fellow employees discharging fireworks certainly created a hazardous work environment, the claimant did not leave employment during this period. It would appear that these incidents were basically confined to the brief holiday period, some three to four weeks prior to the employee's resignation. It appears that the employer made reasonable efforts to apprehend the offenders. The employee's refusal to identify the violators was of no help in resolving the very problem of which he complained.

Employee also complained of other problems, such as harassment, having to purchase his own tack shield, and the late arrival of uniforms. While these complaints seemed to trigger the employee's resignation, it appears that those issues were not substantively discussed with the employer.

Therefore, the claimant did not make every effort to eliminate or adjust with his employer the differences and conditions of which he complained. The burden is upon the claimant to show that he took all steps that could reasonably be expected of a person desirous of retaining his employment before hazarding the risks of unemployment. *See Lee v. Virginia Employment Commission*, 1 Va. App. 82, 85, 335 S.E.2d 104, 106 (1985). The employee has not satisfied this burden. A review of the record provides ample

evidence from which the commission could find that the claimant left work voluntarily without good cause. There was no evidence of fraud. Since the commission's findings of fact are supported by the evidence and there is no indication of fraud, this Court finds that the employee left work voluntarily without good cause. *See* § 60.2-625(a); *Virginia Employment Commission v. City of Virginia Beach*, 225 Va. 728, 734, 228 S.E.2d 595, 598 (1981). The court will not substitute its will for that of the commission.

## Conclusion

The decision of the Commission is hereby affirmed.