**SECOND DIVISION
RICKMAN, C. J.,
MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 21, 2022**

# In the Court of Appeals of Georgia

A22A0486. SCOTT v. SMITH-DENTON.

PIPKIN, Judge.

Donnel Scott ("Appellant") appeals the grant of a default judgment in favor of Kathey Smith-Denton ("Appellee") on her claim for damages arising from a motor vehicle collision. Appellant argues, among other things, that the trial court erred by finding that he was properly served with the complaint and summons and that, even if service was proper, the time for filing an answer had not yet passed at the time judgment was entered against him. Because we find that Appellant was not properly served, the trial court's order granting a default judgment against him must be reversed.

The record shows that on July 31, 2018, Appellant and Appellee were involved a traffic accident. The accident report identified "Donnel Joel-Matthew Scott," born

July 20, 2000, and residing at "2705 Arlington Ct, Lithia Spgs GA 30122" as the driver of the vehicle that struck Appellee's vehicle, and Gwendolyn Scott, residing at the same address, as the owner of that vehicle. On August 11, 2020, Appellee filed a personal injury complaint against "Donne*ll* Scott" (emphasis supplied) the complaint listed the named defendant's address as "2705 Arlington Court, Lithia Springs, Douglas County, Georgia 30122," which was the same address listed on the accident report.

According to the averments of the private process service in an affidavit of service filed on September 7, 2020 ("Original Affidavit"):

> [O]n the 30th day of August 2020, at 5:46 p.m., I served Donnell Scott with [the complaint, summons, and other documents.] I handed the aforementioned documents to Donnell Scott, a *male* of approximately 40 to 50 years old and suitable discretion. The individual is authorized to accept the lawsuit papers because he identified himself as the defendant. Location of service: 2705 Arlington Road, Lithia Springs, GA 30122." (Emphasis in original.)

The person served by the process server was subsequently identified as

Appellant's father, also named Donnel Scott ("Father").[1] The Father filed an answer and discovery responses, repeatedly denying that he was present at the scene at the time of the accident or that he was driving the vehicle that allegedly struck Appellee's car; the Father also identified Appellant as someone who might have knowledge about the accident. Despite the Father's repeated representations that he was not involved in the accident, Appellee took no further action to serve Appellant.

After discovery closed, the Father filed a motion for summary judgment, arguing that he was entitled to judgment as a matter of law because he was not the person driving the car involved in the accident. Appellee responded that the Father was not entitled to summary judgment because, she argued, Appellant and not the Father was the named and intended defendant, asserting further that the Father had deceived the process server and had "knowingly and falsely presented himself as the named defendant, with the specific intent of defeating the lawsuit[.]" Appellee also filed a motion arguing that she was entitled to a default judgment against Appellant

---

[1] The Father and the Appellant share the first name Donnel and the last name Scott, while the Appellant but not the Father has the hyphenated middle name "Joel-Matthew." According to the Appellee, the misspelling of "Donnel" as Donnell" in the complaint and elsewhere was the result of Appellant's name being misspelled on an insurance document. In any event, Appellee's argument that this misspelling somehow created an "alias" for Appellant is specious and will not be otherwise addressed in this opinion.

3

because he had failed to file an answer or other timely responsive pleading to the complaint after being served by substitute service as authorized by OCGA § 9-11-4 (e) (7).

The Father responded to the motion to enter default judgment, arguing that Appellee was not entitled to a default judgment because she was notified that she had served the wrong person but failed to cure the failure to serve the proper defendant within the statute of limitation. The Father also filed an affidavit in which he averred that, on the date of service, he noticed a man lingering near his mailbox, and when he asked the person if he could assist him, the person asked the Father if his name was "Donnel Scott." The Father averred that when he responded in the affirmative, the person handed him a packet. The Father averred that he thought that the man was handing out documents on behalf of the homeowner's association and that he did not know what was in the packet until after the man left the premises.

A hearing was held on both the Father's motion for summary judgment and Appellee's motion for default judgment on June 10, 2021. About a week after the hearing, Appellee filed an amended affidavit of service ("Amended Affidavit).[2] In the Amended Affidavit, the process server averred that he had served the complaint,

[2] The Father objected to the amendment of the affidavit.

summons, and accompanying discovery documents "upon Defendant Donnell [sic] Scott by substitute service upon his father, Donnel Scott, [at the stated address], which is defendant's residence and place of abode." The process server also averred that the Father stated both that he lived at the stated address and that Appellant used the stated address as his only residence. Further, the process server stated that during his conversation with the Father, the Father told him that he understood that the complaint and accompanying documents involved an automobile accident in which Appellant was involved and that he would give the documents to Appellant.

Appellee also filed a supplemental brief with the Amended Affidavit, in which she retreated from her previous position that the Father wilfully and knowingly deceived the process server and instead argued that the Father acknowledged that he was accepting substitute service on behalf of Appellant.

On August 19, 2021, the trial court entered a joint order on both the motion for summary judgment and the motion for default judgment. As to the Father's motion for summary judgment, the trial court found that the process server's "actions described in the Affidavit unequivocally amount to legal service upon . . . the [F]ather." The trial court pointed out that the Father timely filed an answer and responded to written discovery and in those filings set forth repeatedly that he was

5

not present at or involved in the accident at issue. The trial court rejected Appellee's arguments that the Father was never a party to the case and that his filings were moot. Instead, the trial court determined that the "[Original] Affidavit establishes that . . . the [F]ather was personally served with the complaint. This amounts to a legally valid personal service on Donnel Scott the father . . . pursuant to OCGA § 9-11-4 (e) (7)." The trial court concluded that the Father's motion for summary judgment should be granted because there was no evidence that he was involved in the accident in any way and no other theory of recovery, such as negligent entrustment or family purpose doctrine, had been alleged against the the Father.

The trial court then considered the motion for default judgment. The trial court identified the pivotal issue as "who was actually served with the Complaint," and then concluded that the Original Affidavit had been properly amended to show substitute service on Appellant. The trial court reasoned as follows:

> The facts and circumstances of the service have not been changed in any way. Both affidavits of service assert that [the process server] served the same person referenced in the [O]riginal Affidavit at the same time and at the same place. The amendment relates to the wording of the [Original] Affidavit of Service and not the facts about what took place. Therefore, the Court finds that allowing the [Original] Affidavit of [S]ervice to be amended does not clearly result in material prejudice to

6

the substantial rights of the served party. . . . The facts and surrounding . . . circumstances of the August 30, 2020 service establish that Defendant Donnell [sic] Scott the son was served by the process server leaving the Summons and Complaint with Donnel Scott the father, who resides at the same home.

After making additional findings concerning Appellant's failure to file a timely answer to the complaint, the trial court granted a default judgment against Appellant on the issue of liability. Appellant thereafter petitioned the trial court for a certificate of immediate review, the trial court issued a certificate of immediate review from the portion of the order granting a default judgment,[3] and Appellant filed an application for interlocutory appeal in this Court. We granted the application, and Appellant timely filed this appeal.

1. Appellant argues in related enumerations of error that the trial court erred by allowing the Original Affidavit to be amended with the effect that a single act of personal service involving one summons and one complaint on one individual was

---

[3] The filing of the petition for a certificate of immediate review constituted the Appellant's first appearance in the case. Contemporaneous with the filing of the petition, Appellant also filed an alternative motion for reconsideration, which the trial court denied.

converted into personal service on that individual plus another separate act of substitute service on a different person.

We review the trial court's entry of a default judgment for an abuse of discretion. *Laurel Baye Healthcare of Macon, LLC v. Neubauer*, 315 Ga. App. 474, 475 (726 SE2d 670) (2012). A defendant challenging the sufficiency of service bears the burden of establishing that the service was insufficient. "When the evidence is conflicting with respect to the proper receipt of service, it becomes a question of fact to be resolved by the trial judge. Those findings will not be disturbed on appellate review when supported by any evidence." (Citation and punctuation omitted.) *Duke v. Buice*, 249 Ga. App. 164, 166 (547 SE2d 561) (2001). However, "[w]here it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm. When the issue is a question of law, we owe no deference to the trial court's ruling and apply the plain legal standard of review." (Citation and punctuation omitted.) *Neubauer*, 315 Ga. App. at 475.

It is axiomatic that proper service of process is necessary to obtain jurisdiction over a defendant.

When there is no proper service, and no valid waiver of service, the court does not have jurisdiction over the defendant. Jurisdiction of the

8

person is the power of the court to render a personal judgment, or to subject the parties in a particular case to the decisions and rulings made by it in such a case, and is obtained by appearance or by serving the proper process in the manner required by law on persons or parties subject to be sued in a particular action.

(Citations and punctuation omitted.) *Bonner v. Bonner*, 272 Ga. 545, 546 (2) (533 SE2d 72) (2000). See also *Connor v. Oconee Fed. S & L Assn.*, 338 Ga. App. 632, 634 (791 SE2d 207) (2016) (absent valid service or waiver of service, "the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction.") (citation and punctuation omitted).

Service of process is governed generally by OCGA § 9-11-4. *Connor*, 338 Ga. App. at 634. This Code section, as well as others relating to service of process, "must be strictly construed because notice is the very bedrock of due process." (Citation and punctuation omitted.) *McRae v. White*, 269 Ga. App. 455, 458 (604 SE2d 291) (2004). "Under OCGA § 9-11-4 (a), upon the filing of the complaint, the clerk shall forthwith issue a summons and deliver it for service, and upon request of the plaintiff, separate or additional summons shall issue against any defendants." (Punctuation omitted.) *Sharpe v. Great Midwest Ins. Co.*, 344 Ga. App. 208, 211-212 (1) (808 SE2d 563) (2017).

Pertinent here, OCGA § 9-11-4 (e) (7) provides that service of process upon an individual must be given "to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein[.]" As we have explained in discussing the predecessor to that subsection, see Ga. Code Ann. § 81 A-104 (d) (7), "that code section provides for alternative forms of service. One form is personal service into the hands of the person served, or if not into his hands personally, then service is authorized at his dwelling house or usual place of abode." *Patterson v. Citizens & Southern Bank*, 163 Ga. App. 539, 540 (1) (294 SE2d 730) (1982).

The statute also speaks to proof of service. See OCGA § 9-11-4 (h). In relevant part, that subsection provides that the person serving process shall make proof of service within five business days of service and that the time for the party served to answer does not begin to run until such proof of service is filed. Further, the affidavit or certificate of service must state, among other things, the manner of service. OCGA § 15-16-15 provides that "[t]he Sheriff or other executing office may amend his official entries and return so as to make the entries conform to the facts of the case at the time the entries or returns were made." Subsection (i) of OCGA § 9-11-4 gives the court discretion to allow an amendment to the proof of service, "unless it clearly

10

appears that material prejudice would result to the substantial rights of the party against whom the process issued."

Turning to the case at hand, first, the trial court found, as a matter of fact and law, that valid *personal* service had been accomplished on the Father pursuant to OCGA § 9-11-4 (e) (7), considered the Father a party to the case, and granted his motion for summary judgment. The trial court then found that same act of service which "unequivocally amount[ed] to legal service upon . . . the Father" also constituted substitute service on Appellant, as evidenced by the Original Affidavit and the Amended Affidavit.

In this the trial court clearly erred. Although the Original Affidavit could be amended to cure an irregularity or if it was incomplete, see *Montgomery v. USS Agri-Chemical Div.,* 155 Ga. App. 189, 191 (270 SE2d 362) (1980), that is not what happened here. The Amended Affidavit did not merely relate to the wording of the Original Affidavit but clearly changed both the manner of service and the recitation of the facts that took place – the Original Affidavit stated the Father was personally served after identifying himself as the defendant and the Amended Affidavit stated the Father knowingly accepted substitute service on behalf of Appellant. Although

11

both these things could be true – assuming there were two summons and complaints,[4] which there were not – that is not how the Amended Affidavit was worded. It did not say that the Father accepted service on his own behalf as the defendant *and also* accepted substitute service on behalf of Appellant.[5] Instead, in order to arrive at the conclusion that both the Father and Appellant had been properly served, the trial court accepted the Original Affidavit as true and then also accepted as true the Amended Affidavit stating a different set of facts and a different manner of service on a different person. Accordingly, the trial court abused its discretion by determining the Original Affidavit was properly amended to show Appellant was properly served, and the order granting default judgment against Appellant must be reversed.

2. Because of our holding in Division 1, it is unnecessary for us to consider Appellant's remaining enumerations of error.

*Judgment reversed. Rickman, C. J., and Miller, P. J., concur.*

---

[4] See *Lester v. Crooms, Inc.*, 157 Ga. App. 377, 378 (277 SE2d 751) (1981) ("The minimum necessary copies to be served are one for each defendant though they have a common agent.").

[5] As the trial court noted at the hearing and referenced in the order granting summary judgment, it is not outside the realm of possibility that the the Father could have also been named as a defendant under theories of negligent entrustment or the family purpose doctrine.